982 P.2d 340

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Edward LEE, Defendant–Appellant.**

**No. 21555.**

Supreme Court of Hawai'i.

Aug. 27, 1999.

James M. Anderson, deputy prosecuting attorney, on the briefs, for the plaintiff-appellee State of Hawai'i.

Howard K.K. Luke, Honolulu, Michael K. Tanigawa, Honolulu, and Keith S. Agena, Honolulu, on the briefs, for the defendant-appellant Edward Le.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by LEVINSON, J.

The defendant-appellant Edward Lee appeals from the family court's order denying his motion to dismiss the complaint in which he was charged with one count of abuse of a family or household member, in violation of Hawai'i Revised Statutes (HRS) § 709–906 (Supp.1998).[1] The family court had previously purported to "reconsider" a judgment of acquittal that it had entered after a trial resulted in a hung jury. On appeal, Lee argues that any further proceedings in his case following the filing of the family court's judgment of acquittal would violate the prohibitions against double jeopardy contained in the United States and Hawai'i Constitutions. We agree. Accordingly, we vacate the family court's order and remand for entry of an order granting Lee's motion to dismiss.

## I. BACKGROUND

On January 20, 1998, Lee was charged, by way of complaint, with one count of abuse of a family or household member, in violation of HRS § 709–906. A jury trial was conducted on March 25 and 27, 1998. At the close of the prosecution's evidence, Lee moved orally for a judgment of acquittal on the basis that the evidence was insufficient to sustain a guilty verdict. The family court denied the motion.

After trial, the jury deadlocked, with eleven jurors voting for acquittal and one for conviction. Without expressly declaring a mistrial, the family court discharged the jury and then informed Lee's counsel that it "would entertain a [m]otion for [j]udgment of

---

1. HRS § 709–906 provides in relevant part that "[i]t shall be unlawful for any person, singly or in concert, to physically abuse a family or household member...."

[a]cquittal[.]" Lee's counsel responded, "I do so move at this time." Citing *State v. Moriwake*, 65 Haw. 47, 647 P.2d 705 (1982), Lee's counsel argued that the length of time spent by the jury deliberating and the quantum of evidence—including exculpatory evidence that, he argued, had been wrongly excluded by the family court—indicated that "no reasonable juror would be able to find Mr. Lee guilty as charged beyond a reasonable doubt[.]" The deputy prosecuting attorney stated merely that the "State would like to re-try this matter."

The family court orally ruled as follows:

Based on the evidence adduced and based on the totality of the circumstances, based on the standards enunciated under *State v[.] Moriwake*, I just don't see how a re-trial could assist the State in reaching a unanimous verdict of guilty in this case considering that ... I think that the evidence ... was presented very well on behalf of the State and I just don't see how a re-trial would make a difference.

Therefore, I'm going to grant the **renewed** [m]otion for [j]udgment of [a]cquittal.

. . . .

You are acquitted of this charge. Any bail posted will be returned at this time.

(Underscored and bold face emphases added.) On March 31, 1998, the family court filed its written "Judgment of Acquittal," providing in relevant part that the "[d]efendant's [m]otion for [j]udgment of [a]cquittal after discharge of jury is granted."

On April 2, 1998, the prosecution filed a motion, styled "Motion to Reconsider the Order Granting Dismissal of the Instant Case with Prejudice, and Motion to Set the Case for Retrial." In support of its motion, the prosecution argued, *inter alia*, that (1) it had obtained new evidence of prior statements made by Lee, which allegedly contradicted those made during his testimony at trial and rendered a guilty verdict on retrial more likely, (2) there had been only one mistrial, (3) the deliberations had, in fact, been brief, (4) the evidence of guilt was strong, inasmuch as the victim was cooperative and had "visible and apparent injuries,"

and (5) the prosecution had acted diligently in trying the case.

A hearing on the prosecution's motion was conducted on April 3, 1998. At that hearing, the family court indicated that it had erred in labeling its previous order a "Judgment of Acquittal":

For the record[,] I think I should indicate that[,] at the time I granted the [m]otion — at the time I indicated this case would be dismissed [—,] I had indicated that I would entertain a Rule 29 [m]otion for [j]udgment of [a]cquittal.

But also incorporating *State v[.] Moriwake*.

... [T]o the extent that it may be implied that I granted a [m]otion for [j]udgment of [a]cquittal[,] which I may have stated that I did[,] ... *I was in error* ... because[,] under the standards for [m]otions for [j]udgment of [a]cquittal[,] it is still ... evidence in the light most favorable to the State in giving full play to the right of the jury to ... adjudge credibility and draw reasonable inferences of fact.

I would have found that a reasonable mind could still conclude guilt beyond a reasonable doubt.

Obviously one mind did.

*So, to the extent that I said it was a [j]udgment of [a]cquittal[,] I think I erred.* I think I was really ruling on the basis of *State v. Moriwake*.

(Emphases added.) The family court then reviewed the factors outlined in *Moriwake* and reversed its former position. The family court's written order granting the prosecution's motion for reconsideration was filed on April 3, 1998.

On April 28, 1998, Lee filed a motion to dismiss the complaint on the ground that retrial would violate the constitutional prohibition against double jeopardy. After a hearing conducted on May 7, 1998, the family court denied Lee's motion in an order filed on the same day.

Lee's timely notice of appeal was filed on May 14, 1998.

## II. STANDARD OF REVIEW

■ The question whether a proceeding violates the constitutional prohibitions against double jeopardy is reviewed *de novo*. *See State v. Ontiveros*, 82 Hawai'i 446, 452, 923 P.2d 388, 394 (1996); *State v. Toyomura*, 80 Hawai'i 8, 15, 904 P.2d 893, 900 (1995).

## III. DISCUSSION

■ Lee argues on appeal that the family court erred in denying his motion for dismissal because a retrial, after the filing of the family court's judgment of acquittal, would violate the constitutional prohibitions against double jeopardy.

The constitutional guarantee against double jeopardy[2] "protects against a second prosecution for the same offense after acquittal." *North Carolina v. Pearce*, 395 U.S. 711, 717 [89 S.Ct. 2072, 23 L.Ed.2d 656] (1969). The Double Jeopardy Clause applies to *all acquittals, whether "by jury verdict or by a direction of the court,* either after the prosecution has completed its case or after all evidence is in." *United States v. Bernhardt*, 840 F.2d 1441, 1447 (9th Cir.), *cert. denied*, 488 U.S. 954, 109 S.Ct. 389, 102 L.Ed.2d 379 (1988).

*State v. Dow*, 72 Haw. 56, 58–59, 806 P.2d 402, 806 P.2d 402, 404 (1991) (emphasis added). On the other hand, "when one or more counts of a[n] ... indictment or complaint are terminated on the defendant's own motion and on a basis unrelated to factual guilt or innocence, further proceedings on those counts, including retrial, are permissible." *State v. Ake*, 88 Hawai'i 389, 393, 967 P.2d 221, 225 (1998).

■ In the present case, the family court expressly stated that it had "acquitted" Lee of the charge against him. However, as the prosecution points out, "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action." *Dow*, 72 Haw. at 64, 65, 806 P.2d at 406, 407 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S.

564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (citations omitted)). In other words, "[a] defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], *correct or not*, of some or all of the factual elements of the offense charged.'" *Id.* at 65, 806 P.2d at 407 (quoting *Martin Linen Supply Co.*, 430 U.S. at 571, 97 S.Ct. 1349) (original emphasis omitted and emphasis added). Yet, "[w]hile form is not to be exalted over substance in determining the double jeopardy consequences of a ruling terminating a prosecution, neither is it appropriate entirely to ignore the form of [the] order entered by the trial court." *Sanabria v. United States*, 437 U.S. 54, 66, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (citations omitted).

In the present case, the family court, *sua sponte*, invited a "motion for a judgment of acquittal." In granting the motion, the family court referred to it as the "renewed" motion for judgment of acquittal—a manifest allusion to Lee's previous motion for a judgment of acquittal, which was offered at the close of the prosecution's evidence. The family court addressed Lee, informing him that he had been "acquitted of this charge" and directed that any bail be returned. The family court then filed a written judgment of acquittal.

Plainly, this series of actions indicates that the family court's use of the term "acquittal" was no momentary slip of the tongue. On the contrary, the court's actions demonstrate its clear intent, at least as of the time of the dismissal of the jury, to *acquit* Lee of the charge against him.

The prosecution observes that, in arriving at its ruling on Lee's motion for a judgment of acquittal, the family court referred to the factors outlined in *Moriwake*. In *Moriwake*, this court addressed the prosecution's appeal of an order granting the defendant's motion to *dismiss* an indictment for manslaughter after the case had resulted in two hung ju-

---

**2.** The Double Jeopardy Clause of the fifth amendment to the United States Constitution provides in relevant part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Article I, section 10 of the

Hawaii Constitution provides, "nor shall any person be subject for the same offense to be twice put in jeopardy."
*State v. Dow*, 72 Haw. 56, 58 n. 1, 806 P.2d 402, 404 n. 1 (1991).

ries. 65 Haw. at 48–50, 647 P.2d at 708–09. This court rejected the defendant's argument that reprosecution of his case was barred by principles of double jeopardy, inasmuch as "reprosecution is not *per se* precluded if a trial is aborted." *Id.* at 51, 647 P.2d at 709 (quoting *United States v. Perez*, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824)). Instead, this court held that trial courts have discretion to dismiss an indictment in the face of a mistrial, so long as that discretion is guided by a balance of the following "factors":

> (1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberation therein, so far as is known; (3) the character of prior trials in terms of length, complexity and similarity of evidence presented; (4) the likelihood of any substantial difference in a subsequent trial, if allowed; (5) the trial court's own evaluation of relative case strength; and (6) the professional conduct and diligence of respective counsel, particularly that of the prosecuting attorney.

*Id.* at 56, 647 P.2d at 712–13 (citing *State v. Lundeen*, 297 N.W.2d 232, 236 (Iowa Ct.App. 1980)).

The prosecution contends, by virtue of the family court's "confession of error" in the course of the hearing on the prosecution's motion for reconsideration, that the family court merely "misspoke" when it labeled its action a judgment of acquittal.[3] Instead, it argues that the family court meant to *dismiss* the case pursuant to *Moriwake.*

■ In this connection, we note first that it was Lee's counsel who initially invoked *Moriwake* while stating his oral motion for a judgment of acquittal. Lee's counsel argued the *Moriwake* factors, but also asserted that "no reasonable juror would be able to find Mr. Lee guilty as charged beyond a reasonable doubt[.]" Essentially, Lee's counsel blended the standards governing motions for

dismissal and for acquittal. The family court appeared to agree with Lee's counsel, becoming, perhaps, confused about the function of the *Moriwake* test. However, if the family court wrongly relied upon *Moriwake* in support of its order acquitting Lee, its order of acquittal was nonetheless binding. Any acquittal, even one "based upon an egregiously erroneous foundation," implicates the double jeopardy clause, so long as it is based upon a finding that the evidence is insufficient to convict. *See Martin Linen Supply Co.*, 430 U.S. at 571, 97 S.Ct. 1349 (citing *Fong Foo v. United States*, 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962)); *see also Sanabria*, 437 U.S. at 69, 98 S.Ct. 2170.

The family court expressed its view, "[b]ased on the evidence adduced," that it "just [didn't] see how a re-trial could assist the State in reaching a unanimous verdict of guilty in this case." The family court's statement is somewhat vague. It might be interpreted as an allusion to factor (5) of the *Moriwake* test, *see* 65 Haw. at 56, 647 P.2d at 712–13, which refers to the judge's analysis of the probability of conviction on retrial in light of the strength of the prosecution's case. In other words, it could be construed as a comment on the weight rather than the sufficiency of the evidence. *See Mannes v. Gillespie*, 967 F.2d 1310, 1315 (9th Cir.1992) ("Reversal of a conviction as against the weight, rather than the sufficiency, of the evidence does not prevent retrial." (Citing *Tibbs v. Florida*, 457 U.S. 31, 42–45, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), and *Hudson v. Louisiana*, 450 U.S. 40, 43–45 & n. 5, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981))), *cert. denied*, 506 U.S. 1048, 113 S.Ct. 964, 122 L.Ed.2d 121 (1993). However, we note that the family court's statement arose in the context of Lee's counsel's uncontroverted argument to the court that "no reasonable juror" could convict Lee and the family court's own repeated emphasis upon its intent to

---

3. We deem the family court's after-the-fact "explanation" that it "erred" in entering a judgment of acquittal to be of little assistance in our analysis. The double jeopardy clause does not allow for "buyer's remorse" on the finder of fact's part, regardless of how firmly it later becomes convinced that it should not have acquitted a defendant. *See People v. Brown*, 227 Ill.App.3d 795,

169 Ill.Dec. 855, 592 N.E.2d 342, 344–45 (1992); *In re Nahif A.*, 123 Md.App. 193, 717 A.2d 393, 398 n. 2 (1998) ("'Once a trial judge intentionally renders a verdict of "not guilty" on a criminal charge, the prohibition against double jeopardy does not permit him to change his mind.'"). (Quoting *Pugh v. State*, 271 Md. 701, 319 A.2d 542, 545 (1974)).

"acquit" Lee. In these circumstances, we believe that fundamental considerations of fairness require that the ambiguity be resolved in Lee's favor, *i.e.*, that we interpret the statement as a finding that the evidence was insufficient to support a conviction. *Cf. United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975) (holding that the trial court's "dismissal" of charges against the defendant, entered on the basis that "the statutes should not be applied [to the defendant] as a matter of fact," constituted an acquittal for double jeopardy purposes, even though it was "*not clear* that the [trial] [c]ourt resolved issues of fact in favor of the respondent," because the trial court's statement "*may have* reflected his conclusion that the Government had failed to establish the requisite criminal intent beyond a reasonable doubt" (emphases added)).

The prosecution compares the present case to *Dow*. However, *Dow* is easily distinguishable on its facts. In that case,

> [the defendant] was charged with [driving under the influence of intoxicating liquor] [ (]DUI[) ] under HRS § 291–4(a)(1) (driving under the influence) (count I) and § 291–4(a)(2) (driving with a blood alcohol level of 0.10 percent or more) (count II) and tried before a jury. After the State rested, [the defendant] move for judgment of acquittal under Rule 29(a) of the Hawaii Rules of Penal Procedure (HRPP). The trial court granted the motion as to count I only, entered a "judgment of acquittal" and submitted the (a)(2) count to the jury. The jury was unable to reach a verdict on count II, and [the defendant] filed a motion for mistrial. A second trial was scheduled on count II, and [the defendant] filed a motion to dismiss on the ground of double jeopardy.

72 Haw. at 58, 806 P.2d at 403. This court held that subsections (a)(1) and (a)(2) of HRS § 291–4 do not establish separate offenses, but, rather, describe distinct means of proving the single offense of DUI. *Id.* at 59–63, 806 P.2d at 404–06. Therefore, this court declared that "a trial court should not 'acquit' a defendant of part of a DUI offense." *Id.* at 63, 806 P.2d at 406.

The defendant in *Dow* nevertheless argued that, because the trial court had stated that it had "acquitted" him of the offense, double jeopardy principles precluded retrial. This court disagreed, relying on *Martin Linen Supply Co.* for the proposition that form should not be elevated over substance and holding that the defendant had not actually been "acquitted" of DUI. *Id.* at 65–66, 806 P.2d at 407.

By contrast, the family court's finding of insufficiency in the present case was not limited merely to one alternative method of proof. Rather, as discussed above, the family court "actually ... resol[ved] in [Lee's favor] ... the factual elements of the offense charged." *Id.* at 65, 806 P.2d at 407 (citation omitted). *Cf. also State v. Lincoln*, 72 Haw. 480, 485, 825 P.2d 64, 67 (holding that a purported "acquittal" without any "factual determinations as to the elements of the offense charged" was not binding for purposes of double jeopardy analysis), *reconsideration denied*, 72 Haw. 616, 829 P.2d 859, *cert. denied*, 506 U.S. 846, 113 S.Ct. 137, 121 L.Ed.2d 90 (1992); *State v. Markowski*, 88 Hawai'i 477, 484, 967 P.2d 674, 681 (App. 1998) (holding that an acquittal "based on the pleadings and the statutory interpretation" of the statute under which the defendant was charged was not a true acquittal for double jeopardy purposes).

Accordingly, and on the specific record in this case, we hold that the family court's "Judgment of Acquittal" was, in fact, an acquittal "in substance as well as form." *Martin Linen Supply Co.*, 430 U.S. at 572, 97 S.Ct. 1349. The family court therefore erred in granting the prosecution's motion for reconsideration and in denying the defendant's motion to dismiss the complaint.

## IV. *CONCLUSION*

Based on the foregoing analysis, we vacate the family court's order denying Lee's motion to dismiss the complaint and remand for entry of an order granting the motion.