40 P.3d 907

**STATE of Hawai'i, Plaintiff–Appellant,**

v.

**Fred Eric POOHINA, Defendant–Appellee.**

No. 23555.

Supreme Court of Hawai'i.

Feb. 20, 2002.

As Amended April 12, 2002.

Bryan K. Sano, Deputy Prosecuting Attorney, on the briefs, for plaintiff-appellant.

Cindy A.L. Goodness, Deputy Public Defender, on the briefs, for defendant-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by NAKAYAMA, J.

Plaintiff–Appellant the State of Hawai'i [hereinafter "the prosecution"], appeals the district court order dismissing the charge of criminal contempt, Hawai'i Revised Statutes (HRS) § 710–1077(1)(g) (1993),[1] against Defendant–Appellee Fred Eric Poohina in violation of an injunction issued pursuant to HRS § 604–10.5(f) (1993).[2] On appeal, the prose-

---

1. HRS § 710–1077(1)(g) provides:

(1) A person commits the offense of criminal contempt of court if:
(g) The person knowingly disobeys or resists the process, injunction, or other mandate of a court[.]

2. HRS § 604–10.5(f) provides in relevant part:

If the court finds by clear and convincing evidence that harassment exists, it shall enjoin for no more than three years further harassment of the petitioner[.]
This section was extensively modified and took effect on June 1, 1999. The order in this case became effective on May 12, 1999; therefore, the 1993 edition is used for the above quoted section. The 1999 amendments have no retroactive effect.

cution argues that the district court, the Honorable James H. Dannenberg presiding, erred in *sua sponte* dismissing the case based solely on the fact that the complainant, a minor at the time the injunction issued, was no longer protected under the injunction because she had reached majority. We hold an injunction remains effective until it expires or is dissolved or modified by court order. We, therefore, reverse the judgment of the trial court and remand the case for further proceedings.

## I. BACKGROUND

On April 10, 2000, Poohina was orally charged with the offense of criminal contempt of court, HRS § 710–1077(1)(g), for entering the complainant's place of work in violation of an injunction against harassment. He pled not guilty, and the trial commenced on the same date.

The testimony of the state's sole witness adduced the following relevant facts. Nicole Nagashima (Nicole), the complainant, her mother, father, and brother (the Nagashimas) live next door to Poohina. Mr. and Mrs. Nagashima petitioned for an injunction on behalf of themselves and their minor children, Justin and Nicole. On May 12, 1999, an order granting Mr. and Mrs. Nagashima's petition for an injunction against harassment against Poohina was issued. The injunction was ordered effective for three years. On December 29, 1999, Nicole turned eighteen years' old.

Nicole testified that on January 21, 2000, she was working at Craig's Bakery when she spotted Poohina's truck in the parking lot. Nicole called 911. While she was on the phone, Poohina entered the bakery. The transcripts are somewhat vague, but it appears that while the phone Nicole used was in the customer's view, Nicole was seated

during the 911 call and was not visible to customers.

Poohina briefly testified. He stated that he entered the bakery on January 21, 2000 and left after a few minutes because no one waited on him. While he was in the bakery, Poohina did not see or speak to Nicole. Although Poohina knew that Nicole had worked at the bakery, he was unaware that she was working that particular night.

Following closing arguments on April 10, 2000, the court *sua sponte* raised the issue whether Nicole continued to be protected by the injunction. The injunction:

2. [R]estrained and enjoined [Poohina] from:

A. Contacting, threatening, or physically harassing Petitioner(s), and/or any person(s) residing at Petitioner(s) address.

B. Telephoning the Petitioner(s).

C. Entering and/or visiting the premises, including yard and garage, of the Petitioner(s) residence and/or place of the Petitioner(s) employment.

The court's concern focused on 2.C in particular when it stated:

My—my feeling, especially given the—the somewhat attenuated notion that nature [sic] of this contact, or almost contact, I—I'm not sure that the Court has jurisdiction over this at this point because [Nicole] is no longer a minor. She is in a position where, if harassed, and she has to be harassed, sh—she can apply for a restraining order—order on her own.... [B]ut I don't know that she's still a Petitioner anymore. I don't know as a matter of law. She's an adult.

The court continued in this vein and, following discussion with both counsel, concluded

Regarding the retroactive effect of civil statutes, this court has stated:

HRS § 1–3 (1993) provides that "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended." Also, this court has noted the "general rule in most jurisdictions that [s]tatutes or regulations which say nothing about retroactive application are not applied [to prior claims or events] if such a construction will impair existing rights, create new obligations or im-

pose additional duties with respect to past transactions." *Clark v. Cassidy*, 64 Haw. 74, 77 n. 6, 636 P.2d 1344, 1346 n. 6 (1981). *Wong v. Takeuchi*, 88 Hawai'i 46, 51, 961 P.2d 611, 616 (1998) (citing *State of Hawai'i Org. of Police Officers v. Society of Professional Journalists–University of Hawaii Chapter*, 83 Hawai'i 378, 389, 927 P.2d 386, 397 (1996)) (Some brackets added.).

*Tam v. Kaiser Permanente*, 94 Hawai'i 487, 495, 17 P.3d 219, 227 (2001).

the proceeding after instructing counsel to research and prepare argument.

On April 28, 2000, the court reconvened to hear further argument on the issue. Defense counsel argued that the injunction against harassment was meant to protect persons actually threatened by another. He stated that, in this case, Nicole was never threatened as a minor and that the injunction was sought by Nicole's parents.[3] Defense counsel concluded that it was incumbent upon Nicole to petition for an injunction against Poohina once she reached majority. Notwithstanding the jurisdictional issue, defense counsel argued that the state had failed to prove the requisite intent to find Poohina guilty of criminal contempt.

The prosecution argued that legislation is to be "construed to avoid, if possible, inconsistency, contradiction or illogicality." That HRS § 604–10.5 is silent on the issue should be interpreted to mean that the petitioner is protected regardless of age. The prosecution added that the injunction should remain effective for the period ordered by the court. Thus, by ordering a three-year injunction in favor of the petitioners, each of the petitioners is protected for the entire period.

The trial court ruled that Nicole was no longer a petitioner under the injunction. The court stated:

> But, I think this hinges on the question of whether or not this restraining order still applied to minor children after they obtain their majority. I don't believe it does. Yeah, there may be a gap, if indeed, this—this case actually involved Nicole, and it didn't appear to on its merits, but she is named as Nicole Nagashima, a minor child. And, the law allows parents to get restraining orders for their children because the children don't have legal standing. But, once they become adults they have standing. They are in control of their own lives.... And, I think at the point that she comes an adult this particular restraining order, as to her, becomes a nully [sic].

(alteration in original). On April 28, 2000, the court ruled that Nicole was not protected by the injunction the day Poohina entered the bakery and orally ruled that it was granting a motion for judgment of acquittal. However, the actual written order, dated May 25, 2000 and drafted by the prosecution, was an "order granting the defendant's motion to dismiss." The prosecution timely appealed.

## II. STANDARDS OF REVIEW

### A. Conclusions of Law

We review the trial court's [conclusions of law] de novo under the right/wrong standard. *Raines v. State,* 79 Hawai'i 219, 222, 900 P.2d 1286, 1289 (1995). "Under this ... standard, we examine the facts and answer the question without being required to give any weight to the trial court's answer to it." *State v. Miller,* 4 Haw.App. 603, 606, 671 P.2d 1037, 1040 (1983). *See also Amfac, Inc. v. Waikiki Beachcomber Inv. Co.,* 74 Haw. 85, 119, 839 P.2d 10, 28, *reconsideration denied,* 74 Haw. 650, 843 P.2d 144 (1992). Thus, a [conclusion of law] "is not binding upon the appellate court and is freely reviewable for its correctness." *State v. Bowe,* 77 Hawai'i 51, 53, 881 P.2d 538, 540 (1994) (citation omitted).

*Chun v. Board of Trustees of Employees' Retirement Sys.,* 92 Hawai'i 432, 438–39, 992 P.2d 127, 133–34 (2000).

### B. Judgment of Acquittal

When this court reviews a judgment of acquittal it employs

> the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense

---

**3.** The record on appeal offers no information as to the factual events leading to the issuance of the underlying injunction. At one point, the district court did admonish the prosecution for attempting to argue facts discussed in the judge's chambers but not on the record.

charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weight [sic] the evidence, and draw justifiable inferences of fact.

*State v. Jhun,* 83 Hawai'i 472, 481, 927 P.2d 1355, 1364 (1996) (citation and internal quotation marks omitted).

*State v. Aplaca,* 96 Hawai'i 17, 21, 25 P.3d 792, 796 (2001) (quoting *State v. Jenkins,* 93 Hawai'i 87, 99, 997 P.2d 13, 25 (2000)) (quoting *State v. Timoteo,* 87 Hawai'i 108, 112–13, 952 P.2d 865, 869–70 (1997)).

## III. DISCUSSION

### A. This court has appellate jurisdiction under HRS § 614–13(1).

■ "The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." *State v. Wells,* 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (quoting *State v. Dannenberg,* 74 Haw. 75, 78, 837 P.2d 776, 778, *reconsideration denied,* —— Haw. ——, 843 P.2d 144 (1992)) (citation omitted). HRS § 641–13 (Supp.1992)[4] sets forth the instances in which the prosecution may appeal in criminal cases.

■ The prosecution maintains that this court has jurisdiction to hear this case under HRS § 641–13(1). According to its statement of jurisdiction, the prosecution brings its appeal under HRS § 641–13(1) because the trial court's order is entitled an "order granting defendant's motion to dismiss." The defendant raises the issue of appellate jurisdiction in its answering brief and argues that this court does not have appellate jurisdiction, under either HRS § 641–13(1) or (2).

Poohina argues that there is no appellate jurisdiction because the court's order was actually a judgment of acquittal and not a dismissal and that, therefore, HRS § 641–13(1) cannot apply. Poohina's second contention is that HRS § 641–13(2) cannot apply inasmuch as the order was a judgment of acquittal and the principles of double jeopardy apply, thereby rendering reprosecution a violation of Poohina's constitutional rights. The district court's order was not a judgment of acquittal, and even if it were, it would have been an acquittal in form only. The principles of double jeopardy do not apply because a decision as to Poohina's guilt was never considered. Therefore we construe the trial court's order as an order of dismissal and hold that HRS § 641–13(1) applies.

■ The decision of the trial court was not a judgment of acquittal. This court has cautioned against raising form over substance. Concern over this type of jurisdictional issue has led this court to state that "while form is not to be exalted over substance in determining the double jeopardy consequences of a rule terminating a prosecution, neither is it appropriate entirely to ignore the form of the order entered by the trial court." *State v. Lee,* 91 Hawai'i 206, 209, 982 P.2d 340, 343 (1999) (citing *Sanabria v. United States,* 437 U.S. 54, 66, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (citation and brackets omitted)). Thus, what constitutes an acquittal is more dependent upon the intent of the ruling rather than the label. *Id.* at 209, 982 P.2d at 343. In that respect, this court adopted the *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) test in which "[a] defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged.'" *State v. Dow,* 72 Haw. 56, 64, 806 P.2d 402, 406 (1991) (citing *Martin*

---

4. HRS § 641–13 provides in relevant part:
An appeal may be taken by and on behalf of the State from the district or circuit courts to the supreme court, subject to chapter 602, in all criminal cases, in the following instances: (1) From an order or judgment quashing, setting aside, or sustaining a motion to dismiss, any indictment or complaint or any count thereof; [and] (2) From an order or judgment, sustaining a special plea in bar, or dismissing the case where the defendant has not been put in jeopardy[.]

*Linen Supply*, 430 U.S. at 571, 97 S.Ct. 1349).

In this case, there are two conflicting entries in the record on appeal. During trial proceedings, the district court expressly stated it granted a motion for judgment of acquittal, although the motion was never raised. The written order, however, was entitled "order granting defendant's motion to dismiss," although defendant never moved to dismiss the case. In arriving at its decision, the court heard argument on the issue whether HRS § 604–10.5(f) was applicable to a complainant who had reached the age of majority during the term of the injunction. After argument, the court ruled that the complainant was not a petitioner as defined by the injunction and stated:

> THE COURT: So, I'm gonna' grant the motion to dismiss or motion for judgment of acquittal, I guess. That's what it will be. I'm not ruling on the merits. I'll keep an open mind if it ever comes back to me, but—(Tape No. 2). Did those words get recorded?
>
> CLERK: The last two, no.
>
> THE COURT: All right. I'm granting the motion for judgment of acquittal. That gives the State the opportunity to appeal if it wishes to.
>
> . . . .
>
> MS. PALMER [DPA]: Okay. Okay. So, just to be clear. The court has not reached the merits on—on the—on the—actually the elements of the crime?

Shortly after the above interchange, the court expressly stated that it was resting its decision on a matter of law and not reaching the merits. Although the court stated that it would "grant the motion," neither the defendant nor the prosecution made a motion to dismiss. The record is clear that the court acted *sua sponte* when it dismissed the case.

Because the district court did not rule on the merits of the case, it did not enter any decisions as to the guilt of Poohina. In fact, the court expressly stated that its decision was based on law, not fact. Thus, the court's

action can in no way be interpreted as an acquittal in substance.

■ The court's "order granting defendant's motion to dismiss" accurately reflects the course of these proceedings. An order granting a motion to dismiss is appealable under HRS § 641–13(1) because the "plain meaning of the statute indicates that the prosecution can appeal from both dismissals with prejudice and without prejudice." *State v. Kalani*, 87 Hawai'i 260, 262, 953 P.2d 1358, 1360 (1998). Although the order was not entered in response to a motion, it was an order of dismissal appealable under HRS § 641–13(1).[5]

■ Jurisdiction could also arise under HRS § 641–13(2) because jeopardy has not attached in this case. Ordinarily, in a nonjury trial, jeopardy attaches when the court begins to hear evidence. *State v. Ferreira*, 68 Haw. 238, 242, 709 P.2d 607, 610 (1985). However, this court, in *Lee*, stated that jeopardy does not attach if a trial court fails to issue findings of fact related to the defendant's guilt. *Lee*, 91 Hawai'i at 211, 982 P.2d at 345. Because the trial court expressly stated that its decision was based upon a conclusion of law, and not on the merits, jeopardy has not attached.

**B. The trial court erred when it concluded that the complainant was no longer a petitioner.**

■ The issue raised by the trial court was whether an injunction against harassment continues to be valid as applied to one of the petitioners when that petitioner attains majority during the term of the injunction. The defense argued that the legislature never intended a person to be covered by a restraining order or injunction after he or she reached the age of majority, and that, once a petitioner turns eighteen years' old, he or she must seek an injunction upon independent grounds. Because Nicole failed to petition the court for an injunction, Poohina was not restrained from entering Craig's

---

5. This court clarified any lingering confusion regarding the application of subsections (1) and (2) of HRS § 641–13 in *Wells*. In that case, this court stated that these subsections are not mutually exclusive and that subsection (1) may be applied when the entire case is dismissed. *Wells*, 78 Hawai'i at 379, 894 P.2d at 76.

Bakery. The defense advanced no authority from either case law or legislative history to support this conclusion.

The prosecution stressed that there is no case law or legislative history on point. With this in mind, the prosecution reasoned that HRS § 604–10.5 should be interpreted according to its plain language. Thus, the prosecution argued that if a minor was no longer protected by an injunction upon reaching majority, he or she would be completely unprotected, a result inconsistent with the intent of HRS § 604–10.5. The prosecution further argued that a named party to a temporary restraining order (TRO) is a petitioner and that the petitioner's age is not relevant to the application of the statute. The prosecution concluded by arguing that the reference to "minor" in the caption of the TRO only directed attention to the fact that the petitioner, as a minor, was incompetent to bring the petition independently. Interpreting the law otherwise, according to the prosecution, "would really undermine the ... purpose of ... allowing parents to ... ask for protection on behalf of their children."

The legislative history underlying HRS § 604–10.5 indicates that victims of harassment not covered by HRS § 586–4 [6] may seek relief from "intimidation which seriously disturbs the victim, but does not constitute a crime." 1986 Haw. Sess. L. Act 69, § 1 at 70 (codified at HRS § 604–10.5); Hse. Stand. Comm. Rep. No. 761–86, in 1986 House Journal, at 1369. An injunction issued pursuant to HRS § 604–10.5 carries the same force as a [temporary restraining order] (TRO) [issued] under HRS § 586–4. The language defining the conduct to be restrained and enjoined is virtually identical in both statutes. *Compare* HRS § 604–10.5(f) *with* HRS § 586–4(1) through 4(5) (1993) (enjoining the respondent from contacting, telephoning, entering residence or place of business of petitioner).

This court recently held, in the context of HRS § 586–4, that a

TRO remains in effect until: (1) the TRO terminates after a designated period not to exceed ninety days, HRS § 586–5(a) (Supp.1999); (2) a protective order is issued by the court at the OSC hearing, HRS § 586–5.5; (3) the court dissolves or modifies the TRO at the OSC hearing; or (4) the court dissolves or modifies the TRO upon petition by either party after notice and a hearing.

*State v. Grindling,* 96 Hawai'i 402, 405, 31 P.3d 915, 918 (2001) (citing *Kie v. McMahel,* 91 Hawai'i 438, 442, 984 P.2d 1264, 1268 (App.1999)). In that case, Grindling was charged with violating a TRO issued pursuant to a petition filed by Priscilla Vladimer.[7] The Petitioner, Defendant–Appellant, argued that the TRO against him was unlawful because the underlying factual basis was not sufficient to support a finding of probable cause. At Grindling's trial for violating the TRO, Vladimer testified that "the whole restraining order was in spite" and that there were no facts to support its issuance. The court found that Vladimer never acted to have the TRO dissolved or modified through a court proceeding. Only if Vladimir affirmatively acted to dissolve or modify the TRO would the trial court possess the "power to vacate or otherwise modify the TRO." This court held that, inasmuch as the TRO had not been modified or set aside, the "factual basis for the TRO was not subject to collateral attack." *Grindling,* 96 Hawai'i at 402, 31 P.3d at 915.

Here, Nicole was identified as a petitioner in the order granting the petition for injunction. A petitioner is defined as "[o]ne who presents a petition to a court, officer, or legislative body. The one who starts an equity proceeding or the one who takes an appeal from a judgment." *Black's Law Dictionary* 793 (6th ed.1990). That Nicole's parents sought the injunction on behalf of her because she, as a minor, was unable to assert an action does not mean that she is not under

---

**6.** The legislative history accompanying HRS § 604–10.5 indicates that the judiciary committee was impressed by testimony in which a victim of harassment stated that, "since the individual [harasser] is not a former spouse, and not covered under chapter 586, HRS, obtaining an injunction is almost impossible." 1986 Haw. Sess. L. Act 69, § 1 at 70 (codified at HRS § 604–10.5); Hse. Stand. Comm. Rep. No. 761–86, in 1986 House Journal, at 1369.

**7.** The opinion does not detail in what manner Grindling violated the TRO.

the protection of the injunction. HRS § 604–10.5 vests the trial court with the discretion to enjoin harassing conduct and the injunction, by its terms, remained in effect for three years "unless terminated or modified by appropriate order of this Court."

Poohina was therefore enjoined from entering Nicole's place of employment during the effective period of the injunction. In the absence of a court order modifying or dissolving the injunction, the injunction remained effective. The district court's conclusion that Nicole was not protected by the injunction was erroneous.

## IV.  CONCLUSION

Because the trial court erred in dismissing the case on the ground that the complainant, a minor at the time the injunction issued, was no longer protected under the injunction because she had reached majority, we reverse the judgment of the trial court and remand the case for further proceedings.