121 P.3d 932

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Wayne ANCHETA, Defendant–Appellant.**

**No. 26640.**

Intermediate Court of Appeals of Hawai'i.

Sept. 20, 2005.

Emmanuel G. Guerrero, Honolulu, and Maria Corazon Avinante, on the briefs, for Defendant–Appellant.

Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by LIM, J.

Wayne John Ancheta (Ancheta) appeals the May 25, 2004 judgment of the Circuit Court of the First Circuit (circuit court)[1] that convicted him, upon a jury's verdicts and as charged, of abuse of a family or household member in counts one and five, terroristic threatening in the first degree in counts two and seven, sexual assault in the second degree[2] in counts three and four, and sexual

---

1. The Honorable Marie N. Milks presided over the jury trial.

2. Hawaii Revised Statutes (HRS) § 707–731(1)(a) (1993 & Supp.2004) provides: "A person commits the offense of sexual assault in the second degree if: The person knowingly subjects another person to an act of sexual penetration by compulsion[.]" (Enumeration omitted; format modified.) HRS § 707–700 (1993) defined "sex-

ual penetration" as "vaginal intercourse, anal intercourse, fellatio, cunnilingus, analingus, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required. For purposes of this chapter, each act of sexual penetration shall constitute a separate offense." HRS § 707–700

assault in the first degree[3] in count six. The judgment also convicted Ancheta of the included offense of sexual assault in the second degree in count eight of the complaint.

### I.

■ At the outset, the State concedes and we confirm, *State v. Wasson*, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994) (a confession of error on the part of the State is not binding upon the appellate court), that the circuit court subjected Ancheta to double jeopardy when it reversed its judgment of acquittal in count eight—which the circuit court announced after the close of the State's case based upon the insufficiency of the evidence adduced—then allowed the State to amend that count of its complaint. Hence, we will reverse the judgment as to count eight. *State v. Lee*, 91 Hawai'i 206, 210, 982 P.2d 340, 344 (1999) (an acquittal, "even one based upon an egregiously erroneous foundation, implicates the double jeopardy clause, so long as it is based upon a finding that the evidence is insufficient to convict" (citations and internal quotation marks omitted)).

### II.

■ Ancheta's defense to the sexual assault charges (counts three, four, six and eight) was based upon his purported belief that the complaining witness, his fiancée, impliedly consented to what he referred to as "make-up sex" following episodes of abuse.

Ancheta proposed a jury instruction on consent,[4] as follows:

In any prosecution, the complaining witness' consent to the conduct alleged or to the result thereof, is a defense if the consent negatives an element of the offense or precludes the infliction of the harm sought to be prevented by the law defining the offense.

Consent is not a defense if:

(1) It is given by a person who is legally incompetent to authorize the conduct alleged; or

(2) It is given by a person who by reason of youth, mental disease, disorder, or defect, or intoxication is manifestly unable or known by the defendant to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct alleged; or

(3) It is given by a person whose consent is sought to be prevented by the law defining the offense; or

(4) It is induced by force, duress, or deception.

The burden is upon the prosecution to prove beyond a reasonable doubt that the complaining witness did not consent to the conduct alleged or the result thereof. If the prosecution fails to meet its burden, then you must find the defendant not guilty.

The circuit court gave the jury Ancheta's proposed consent instruction, but modified

(1993) defines "compulsion," in relevant part, as "absence of consent[.]" Sexual assault in the second degree is a class B felony. HRS § 707–731(2) (1993 & Supp.2004).

3. HRS § 707–730(1)(a) (1993 & Supp.2004) provides: "A person commits the offense of sexual assault in the first degree if: The person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]" (Enumeration omitted; format modified.) HRS § 707–700 (1993) defines "strong compulsion" as "the use of or attempt to use one or more of the following to overcome a person: (1) A threat, express or implied, that places a person in fear of bodily injury to the individual or another person, or in fear that the person or another person will be kidnapped; (2) A dangerous instrument; or (3) Physical force." (Format modified.) Sexual assault in the first degree is a class A felony. HRS § 707–730(2) (1993 & Supp.2004).

4. The State proposed a jury instruction on the meaning of "compulsion," which the Circuit Court of the First Circuit (circuit court) gave the jury by agreement of the parties:

"Compulsion" means absence of consent, or a threat, express or implied, that places a person in fear of public humiliation, property damage, or financial loss.

The State also proposed a jury instruction on the meaning of "strong compulsion," which the circuit court modified, apparently with the agreement of the parties, and read to the jury as follows:

"Strong compulsion" means the use of or attempt to use one or more of the following to overcome a person: A threat, express or implied, that places a person in fear of bodily injury to the individual or another person, or in fear that the person or another person will be kidnapped; or physical force.

by agreement of the parties to read as follows:

In the prosecution of Counts 3, 4, 6 and 8, the complaining witness' consent to the conduct alleged or to the result thereof, is a defense if the consent negatives an element of the offense or precludes the infliction of the harm sought to be prevented by the law defining the offense.

Consent is not a defense if it is induced by force or duress.

The burden is upon the prosecution to prove beyond a reasonable doubt that the complaining witness did not consent to the conduct alleged or the result thereof. If the prosecution fails to meet its burden, then you must find the defendant not guilty.

The parties did not request, and the circuit court did not propound, a jury instruction on consent that instructed on or even mentioned implied consent, the central issue in the sexual assault counts. We also observe that neither the parties nor the circuit court saw the need for a jury instruction on an ignorance- or mistake-of-fact defense.

Hence, we will notice plain error, *but see State v. Haanio*, 94 Hawai'i 405, 414, 16 P.3d 246, 255 (2001) ("the trial court has the ultimate responsibility and duty *properly* to instruct the jury" (emphasis in the original)), and vacate the judgment as to counts three, four and six and remand those counts for a new trial. *State v. Shabazz*, 98 Hawai'i 358, 385, 48 P.3d 605, 632 (App.2002) (in a sexual assault case, " 'if there is any rational basis in the evidence which would support a finding of implied concurrence in the charged acts, the jury should be instructed that consent may be expressed or implied' " (brackets omitted)) (quoting *State v. Jones*, 97 Hawai'i 23, 31, 32 P.3d 1097, 1105 (App.1998)). *See also* Hawaii Revised Statutes § 702–218 (1993) (providing for an ignorance- or mistake-of-fact defense);[5] *State v. Eberly*, 107 Hawai'i 239, 251, 112 P.3d 725, 737 (2005)

(noticing plain error, and holding that "trial courts must specifically instruct juries, where the record so warrants, that the burden is upon the prosecution to prove beyond a reasonable doubt that the defendant was not ignorant or mistaken as to a fact that negates the state of mind required to establish an element of the charged offense or offenses"); *State v. Locquiao*, 100 Hawai'i 195, 58 P.3d 1242 (2002):

The Hawai'i legislature premised the enactment of HRS § 702–218 on the proposition that, "if a person is ignorant or mistaken as to a matter of fact . . ., the person's ignorance or mistake will, in appropriate circumstances, prevent the person from having the requisite culpability with respect to the fact . . . as it actually exists . . . ." *See* Commentary to HRS § 702–218 (1993). Consequently, the legislature intended that a jury consider, separate and apart from the substantive elements, whether a defendant's mistaken belief should negate the requisite culpability for the charged offense. That being the case, insofar as ignorance or mistake of fact is a statutory defense in Hawai'i, we deem the reasoning of the jurisdictions entitling the defendant to a separate instruction to be the more compelling and, thus, now hold that, where a defendant has adduced evidence at trial supporting an instruction on the statutory defense of ignorance or mistake of fact, the trial court must, at the defendant's request, separately instruct as to the defense, notwithstanding that the trial court has also instructed regarding the state of mind requisite to the charged offense. We believe that to hold otherwise would render HRS § 702–218(1) nugatory.

Inasmuch as the jury was not given the opportunity *expressly* and *separately* to consider Locquiao's defense of ignorance or mistake of fact at trial, "there is a reasonable possibility that [the circuit court's] error may have contributed to [Locquiao's] conviction." *See [State v.]*

5. HRS § 702–218 (1993) provides:

In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if: (1) The ignorance or mistake negatives the state of mind required to establish an element of the offense; or (2) The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense. (Format modified.)

*Hironaka,* 99 Hawai'i [198,] 204, 53 P.3d [806,] 812 [ (2002) ] (quoting *[State v.] Valentine,* 93 Hawai'i [199,] 203, 998 P.2d [479,] 483 [ (2000) ] ). Thus, the [Intermediate Court of Appeals] opinion gravely erred in holding that the circuit court's error was harmless beyond a reasonable doubt.

*Locquiao,* 100 Hawai'i at 208, 58 P.3d at 1255 (ellipses, emphases and some brackets in the original).

### III.

During closing argument, defense counsel conceded Ancheta's guilt of the offense of abuse of a family or household member in counts one and five, and on appeal, Ancheta does not attack his conviction and sentence therefor. Hence, we will affirm the judgment as to those counts.

### IV.

On appeal, Ancheta does not attack his conviction and sentence for the offense of terroristic threatening in the first degree in counts two and seven. Hence, we will affirm the judgment as to those counts.

### V.

Accordingly, the circuit court's May 25, 2004 judgment is affirmed as to counts one, two, five and seven of the complaint. The judgment is reversed as to count eight. As to counts three, four and six, the judgment is vacated and remanded for a new trial. In light of this disposition, we need not reach the other issues Ancheta raises on appeal.