STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ALISON NOBORU MATSUDA, Defendant-Appellant.
No. 28766.
In the Intermediate Court of Appeals of Hawaii.
August 5, 2008.
On the briefs:
Steven D. Strauss, Christopher P. Schlueter, Damir A. Kouliev, for Defendant-Appellant.
Jay T. Kimura, Prosecuting Attorney, Michael S. Kagami, Deputy Prosecuting Attorney, (Office of the Prosecuting Attorney) County of Hawaii, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Alison Noboru Matsuda (Matsuda) appeals the August 14, 2007 Judgment of Conviction filed in the Circuit Court of the Third Circuit (Circuit Court),[1] convicting Matsuda of Assault in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-710 (1993). The Circuit Court sentenced Matsuda to ten years imprisonment.
On appeal, Matsuda contends: (1) there was insufficient evidence to convict him of Assault in the First Degree; (2) he was denied effective assistance of counsel; (3) the Circuit Court erred when it denied his Motion for Judgment of Acquittal; (4) the Circuit Court erred when it accepted the jury's guilty verdict; and (5) the Circuit Court erred when it instructed the jury on the lesser included offense of Assault in the First Degree.
Our standard of review for alleged insufficiency of the evidence is as follows:
We have long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
"Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.
State v. Matavale, 115 Hawai`i 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).
When reviewing a claim of ineffective assistance of counsel, this court looks at "whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases." State v. Wakisaka, 102 Hawai`i 504, 513-14, 78 P.3d 317, 326-27 (2003) (citation omitted).
The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.
Id. at 513-14, 78 P.3d 317, 326-27 (internal quotation marks, citations, and footnote omitted).
"[T]rial courts must instruct juries as to any included offenses when `there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense.'" State v. Haanio, 94 Hawai`i 405, 413, 16 P.3d 246, 254 (2001) (citation omitted).
When reviewing a trial court's ruling on a Motion for Judgment of Acquittal, we use
the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weight [sic] the evidence, and draw justifiable inferences of fact.
State v. Poohina, 97 Hawai`i 505, 508-09, 40 P.3d 907, 910-11 (2002).
Upon careful review of the record, the applicable statutes and case law, and the briefs submitted by the parties,[2] and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Matsuda's points of error as follows:
(1) On appeal, Matsuda argues there was insufficient evidence to support a conviction for Assault in the First Degree under HRS § 707-710 because:
No evidence was presented to the jury that Mr. Matsuda intentionally or knowingly caused the victim serious bodily injury. Simply put, he either intended to kill him or intended to scare him. No substantial evidence as to the material element of intent to commit Assault in the First Degree would allow a person of reasonable caution to support the conclusion reached by the jury.
HRS § 707-710 (1993) provides:
Assault in the first degree.
(1) A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person.
"Intentionally" is defined under HRS 702-206(1) (1993) as follows:
(a) A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.
(b) A person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes or hopes that they exist.
(c) A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.
Furthermore, "knowingly" is defined under HRS 702-206(2) (1993) as follows:
(a) A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.
(b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.
(c) A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.
Here, there is sufficient evidence to find, at least, that Matsuda knowingly caused serious bodily injury to the victim on February 16, 2006. See, e.g., State v. Moore, 82 Hawaii 202, 212, 921 P.2d 122, 132 (1996); In re Doe, 106 Hawaii 530, 107 P.3d 1203 (App. 2005); In re Doe, 107 Hawai`i 12, 108 P.3d 966 (2005). Matsuda's intent may be read from his acts, conduct and reasonable inferences from all the circumstances. State v. Sadino, 64 Haw. 427, 429, 642 P.2d 534, 536-37 (1982). Even though a police detective testified that Matsuda said he only wanted to "scare" or "put fear" in the victim, the undisputed evidence adduced at trial shows that Matsuda intentionally threw acetone on the victim while he slept and intentionally lit the match, causing the victim to be "engulfed" in flames from his waist up to his neck. A photograph of the acetone canister, which was admitted into evidence, clearly reads: "Extremely Flammable. Danger." According to the detective, Matsuda admitted being "upset" with the victim on the night of the incident after he found the victim going through his bag. The victim also testified that Matsuda had told him "I wish you were dead" right before the incident.
Thus, viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence to show Matsuda was aware that it was practically certain that serious bodily injury would result to the victim when Matsuda threw a highly flammable liquid on him and lit it with a match.
(2) Matsuda further argues that because there was insufficient evidence to convict him for Assault in the First Degree, the Circuit Court therefore erred in accepting the jury's guilty verdict. As discussed above, we find there was sufficient evidence to convict Matsuda for Assault in the First Degree. Accordingly, we reject Matsuda's claim that the Circuit Court erred when it accepted the jury's verdict.
(3) Matsuda also contends the Circuit Court erred when it gave the jury a lesser included offense instruction on Assault in the First Degree, because
a real question exists whether there is reasonable possibility that the trial court's giving of a lesser included offense instruction on Assault in the First Degree might have contributed to conviction.
The Hawaii Supreme Court has held that a trial court "must instruct juries as to any included offenses when there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." Haanio, 94 Hawai`i at 413, 16 P.3d at 254 (quoting HRS § 701-109(5) (1993)).[3] In Haanio, the court stated that a trial court must examine the record for any evidence that could lead the jury to reasonably acquit the defendant of the charged offense, yet convict under the lesser included offense. Id. 411-15, 16 P.3d at 252-55. If such an outcome is possible, the lesser included offense instruction must be given. Id.
The evidence at trial showed that Matsuda threw acetone on the victim, ignited the flammable liquid, and that the victim survived after hospital care. As noted above, although the victim testified that Matsuda told him "I wish you were dead," there was also testimony that Matsuda only intended to "scare" the victim. Matsuda told the police that he was "surprised" by how high the flames got after he lit the acetone. Matsuda also did not make any further attempts to injure or kill the victim, nor did he prevent him from running to the shower to extinguish the flames or otherwise prevent him from receiving help.
Based on the evidence presented at trial, we believe a rational basis exists in the record to support the Circuit Court's determination that the jury could find Matsuda guilty of Assault in the First Degree but not Attempted Murder in the Second Degree. See, e.g., State v. Smith, 91 Hawai`i 450, 465-467, 984 P.2d 1276, 1291-93 (App. 1999). Therefore, because Assault in the First Degree is a lesser included offense of Attempted Murder in the Second Degree, under the circumstances of this case, Matsuda's argument that the Circuit Court's instruction somehow "contributed to" his conviction is wrong. Accordingly, the Circuit Court did not err in instructing the jury on Assault in the First Degree.
(4) In order to prove ineffective assistance of counsel, a defendant has the burden of showing that: (1) there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and (2) such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. Barnett v. State, 91 Hawaii 20, 27, 979 P.2d 1046, 1052-53 (1999). "Determining whether a defense is potentially meritorious requires an evaluation of the possible, rather than the probable, effect of the defense on the decision maker. . . . Accordingly, no showing of actual prejudice is required to prove ineffective assistance of counsel." Id. (citations and internal quotation marks omitted).
Matsuda argues that he received ineffective assistance of counsel because his attorney stipulated that the victim's scars comprised "serious, permanent disfigurement." Matsuda essentially argues that without the stipulation, the jury may not have found evidence of a "serious bodily injury," which is necessary for a First Degree Assault conviction, because the victim had no scars visible from a "normal social" distance.
Under HRS § 707-700 (1993), there are three ways to meet the definition of "serious bodily injury": (1) bodily injury which creates a substantial risk of death; or (2) bodily injury which causes serious, permanent disfigurement; or (3) bodily injury which causes protracted loss or impairment of the function of any bodily member or organ. See also, e.g., State v. Silva, 75 Haw. 419, 432-34, 864 P.2d 583, 589-90 (1993); In re Doe, 106 Hawaii at 537, 107 P.3d at 1210.
Matsuda cites Silva and State v. Yamashiro, 8 Haw. App. 595, 598, 817 P.2d 123, 125 (1991), for the proposition that the victim's injuries cannot be considered "serious permanent disfigurement" because his burn scars are not visible from a "normal social" distance, apparently on the theory that the victim should keep his shirt on and wear long sleeves at all times. We reject this argument. The victim's injuries were horrific, scarring his entire torso, front and back, leaving his chest with nothing remotely resembling a human nipple.
The victim in this case testified that, in addition to the permanent scarring he received all over his body from the burns, he continued to experience reduced mobility in his arms and had regained only three-quarters of his range of motion at the time of trial  approximately 14 months after the incident. Thus, his impairment of the use of each of his arms was protracted and, without more, sufficed as a "loss or impairment of the function of any bodily member" under HRS § 707-700.
Therefore, Matsuda has failed to meet his burden of showing he suffered "substantial impairment of a potentially meritorious defense" because "serious bodily injury" was evident, even without defense counsel's stipulation regarding victim's injuries.[4] Accordingly, we reject Matsuda's claim that he received ineffective assistance of counsel.
(5) Matsuda argues that the Circuit Court erred in denying his Motion for Judgment of Acquittal. When reviewing a trial court's ruling on a motion for judgment of acquittal, we must consider whether "upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt." State v. Poohina, 97 Hawai`i 505, 508-09, 40 P.3d 907, 910-11 (2002).
At the close of the State's case on April 24, 2007, Matsuda moved for a judgment of acquittal, arguing the State had not "put on a prima facie case [on the charge of Attempted Murder in the Second Degree], not met its burden of doing so at this juncture." The Circuit Court denied the motion.
Here, not only has Matsuda failed to present any discernable argument as to why the evidence was not sufficient to support a prima facie case for Attempted Murder in the Second Degree, he has not cited to any authorities or statutes supporting his motion for acquittal. For these reasons, we deem this argument waived. See HRAP 28(b)(7).
Moreover, although Matsuda did not file a renewed motion for acquittal after the verdict, he nevertheless refers to a "motion for acquittal as to Assault in the First Degree" in his opening brief. Even assuming Matsuda had properly made a motion for acquittal after the verdict as to Assault in the First
Degree, this motion would have been properly denied. As discussed above, we conclude there is sufficient evidence to convict Matsuda of Assault in the First Degree. We therefore reject Matsuda's claim that the Circuit Court erred when it denied his Motion for Judgment of Acquittal.
Based on the foregoing, we affirm the Circuit Court's August 14, 2007 Judgment of Conviction.
NOTES
[1] The Honorable Glenn S. Hara presided.
[2] On May 20, 2008, an additional opening brief was filed by Matsuda "pro se." This case, however, had already been fully briefed pursuant to Hawaii Rules of Appellate Procedure (HRAP) Rule 28, and we will not consider any additional briefs. Matsuda is represented by appointed appellate counsel and, notwithstanding Matsuda's apparent dissatisfaction with his attorney, counsel has not been discharged in this case under HRAP 50.
[3] HRS § 701-109(5) (1993) provides:

(5) The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense.
[4] Considering the substantial (and arguably grotesque) disfigurement to the victim's torso, Matsuda's counsel could have reasonably concluded that it would have been prejudicial to his client to have contested this issue.