**Steven Donald STOW, Petitioner,**

v.

**Albert MURASHIGE, Warden, Maui Community Correctional Center, Respondent.**

**Civil No. 02–00766 SOM/KSC.**

United States District Court, D. Hawai'i.

Oct. 20, 2003.

Peter C. Wolff, Shanlyn A.S. Park, Office of the Federal Public Defenders, Honolulu, HI, for petitioner.

Simone C. Polak, Richard K. Minatoya, Department of the Prosecuting Attorney, Davelynn M. Tengan, Department of the Corporation Counsel, County of Maui, Wailuku, HI, for respondents.

### *ORDER ADOPTING AND SUPPLEMENTING AMENDED FINDINGS AND RECOMMENDATION THAT PETITIONERS' 28 U.S.C. § 2254 PETITION BE GRANTED; ORDER GRANTING PETITIONER'S 28 U.S.C. § 2254 PETITION*

MOLLWAY, District Judge.

The Fifth Amendment to our nation's Constitution declares, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." The law is no respecter of persons; the Double Jeopardy Clause is a fundamental right held by all. The most impoverished person and the most heinous criminal are as surely protected against double jeopardy as are the highest government official and the head of the largest international conglomerate eloquently proclaiming their innocence. Steven Donald Stow, a homeless man accused of having hacked two men with a machete, is guaranteed this protection. Having been acquitted of attempted murder in the second degree, he may not be retried for that crime.

This matter is before this court on objections to Magistrate Judge Kevin Chang's Amended Findings and Recommendation ("Amended F & R"). Magistrate Judge Chang recommended that this court grant Stow's Petition, brought under 28 U.S.C. § 2254. Magistrate Judge Chang's Amended F & R, which is published, is a careful and well-reasoned analysis of the complex issues raised by the Petition. This court adopts and supplements

the Amended F & R and here issues Stow a writ of habeas corpus, "the most celebrated writ in our law." *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

## I. *BACKGROUND FACTS.*

The court incorporates the facts set forth in the Amended F & R, supplementing those facts with the following discussion.

Stow was charged in state court with attempted murder in the first degree. The charge stemmed from Stow's alleged machete attack on two people in separate incidents on April 17 and 18, 1996. The indictment charged violations of Haw.Rev. Stat. § 705–500 (criminal attempt) and Haw.Rev.Stat. § 707–701 (murder in the first degree). Section 707–701 defines murder in the first degree as intentionally or knowingly causing the death of "[m]ore than one person in the same or separate incidents." Haw.Rev.Stat. § 707–701.

Stow was charged in the same indictment with two separate counts of attempted murder in the second degree, based on the same two incidents. The indictment cited Haw.Rev.Stat. § 705–500 (criminal attempt) and Haw.Rev.Stat. § 707–701.5 (murder in the second degree). Section 707–701.5 defines murder in the second degree as intentionally or knowingly causing the death of another person. Haw. Rev.Stat. § 707–701.

A jury trial was held in state court on Maui on the one charge of attempted murder in the first degree and the two charges of attempted murder in the second degree. During closing argument, the prosecution told the jury, "You will not find the man guilty of all three charges.... If you find that this defendant is guilty of the offense of [attempted] murder in the first degree, you don't even look any farther. That's it. That's your whole job." *See* Transcript of Proceedings in Crim. No. 96–0218(3) (Oct.

23, 1998) at 13–14 (attached to Affidavit of Richard K. Minatoya (March 31, 2003) as Ex. 7); *accord id.* at 17 ("remember you don't look at attempted murder in the second degree unless you decide that the defendant is not guilty of attempted murder in the first degree").

Judge Boyd P. Mossman instructed the jury that Stow was charged with more than one offense. He instructed the jury, "Each count and the evidence that applies to that count is to be considered separately. The fact that you may find the defendant not guilty or guilty of one of the counts charged does not mean that you must reach the same verdict with respect to any other count charged." Transcript of Proceedings in Crim. No. 96–0218(3) (Oct. 23, 1998) at 76–77; *see also* Instruction No. 17 (attached to Minatoya's Affidavit as Ex. 9).

Judge Mossman then instructed the jury on the elements of attempted murder in the first degree:

> A person commits the offense of attempted murder in the first degree if he intentionally engages in conduct which under the circumstances as he believes them to be is a substantial step in a course of conduct intended to culminate in his commission of the crime of murder in the first degree by intentionally or knowingly attempting to cause the death of more than one person in the same or separate incidents.

Oct. 22, 1998 Transcript at 79 (Instruction No. 22).

> He informed the jury:

> If you find the defendant not guilty in count one of the offense of attempted murder in the first degree ..., then you must consider whether the defendant is guilty or not guilty in counts three and five of the offenses of attempted murder in the second degree.

Oct. 23, 1998, Transcript at 81; *see also* Instruction No. 25.

Judge Mossman did not expressly tell the jury that, if it convicted Stow of attempted murder in the first degree, it should not provide a verdict as to the two counts of attempted murder in the second degree.[1] He informed the jury:

A person commits the offense of attempted murder in the second degree if he intentionally engages in conduct which under the circumstances as he believes them to be is a substantial step in a course of conduct intended or known to be practically certain by the defendant to cause the death of another person.

Oct. 23, 1998 Transcript at 82, 83 (Instruction Nos. 26 and 27). Judge Mossman told the jury that it was required to follow his instructions. *Id.* at 69.

The jury returned its verdict on October 26, 1998. *See* Transcript of Proceedings (Oct. 28, 1998) (attached to Minatoya's Affidavit as Ex. 8). The foreperson handed the verdict to court staff, and court staff read the verdict in open court:

We, the jury in this case, find as follows: As to Count 1, attempted murder in the first degree, guilty as charged.

Special Interrogatory 1: Did the prosecution prove beyond a reasonable doubt that the defendant was not at the time that he committed the offense of attempted murder in the first degree under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation?

Yes.

Dated 10/20/98, Capildeo Narine, Foreperson.

*Id.* at 3. The court polled the jury and determined that the verdict was unanimous. *Id.* at 3–5. The jury was then excused. *Id.* at 5.

What was not read into the record at the time was the jury's response of "Not Guilty" on the two counts of attempted murder in the second degree.[2] The words "Not Guilty" were written in by hand in the blanks provided next to the typed words "Not Guilty" for each count of attempted murder in the second degree. That is, the jury foreperson did not simply insert check marks in the blanks next to the typed words. *See* Verdict (attached to Minatoya Affidavit as Ex. 10). Nothing on the verdict form had told the jury to stop after answering the question on attempted murder in the first degree and/or the special interrogatory on extreme mental or emotional disturbance, and the jury had responded to the questions concerning murder in the second degree. It is not clear that the trial court even realized at the time that the jury had responded to the questions on attempted murder in the second degree, as those were on separate pages of the verdict form, sandwiched between the page with the guilty verdict as to attempted murder in the first degree and the page with the special interrogatory about extreme mental or emotional disturbance.[3]

---

1. Judge Mossman did instruct the jury that, if it found Stow "not guilty" on the attempted second degree murder charges, it should then consider whether Stow was guilty of first degree assault. *See* Oct. 22, 1998, Transcript at 86.

2. The page in the verdict form for each count of attempted murder in the second degree permitted the jury to fill in one of four blanks, with the word "or" after each of the first three blanks. That is, on the charge of at-

tempted murder in the second degree, the jury was asked to choose "Guilty" or "Not Guilty" or "Guilty of the offense of Assault in The First Degree" or "Guilty of the offense of Assault in The Second Degree." The jury placed nothing in the blanks for "Guilty" or the two assault possibilities.

3. On three separate pages in the verdict form, the jury was also invited to select "Guilty of the offense of Attempted Manslaughter based upon extreme mental or emotional distur-

The judgment entered on January 4, 2000, reflected only Stow's guilt as to the charge of attempted murder in the first degree. It did not refer to the two counts of attempted murder in the second degree. *See* Judgment, Guilty Conviction and Sentence (Jan. 4, 2000) (attached to Minatoya Aff. as Ex. 14). Stow was sentenced to life imprisonment without the possibility of parole and remains in prison.

Stow appealed his conviction. The Supreme Court of the State of Hawaii reversed, finding error in the jury instructions and insufficient evidence to support the conviction of attempted murder in the first degree. The Hawaii Supreme Court held that the record contained no evidence from which the jury could have reasonably concluded that Stow had a common scheme or plan to kill multiple persons, a prerequisite for attempted murder in the first degree. *See* Memorandum Opinion (No. 23136) (Feb. 21, 2002) at 28–29, 32.

The Hawaii Supreme Court recognized that the jury had indicated that Stow was "Not Guilty" of the two counts of attempted second degree murder but concluded that Stow could be retried on those counts without violating the Double Jeopardy Clauses of the Hawaii and federal Constitutions. *Id.* at 29–34. The Hawaii Supreme Court held that the words "Not Guilty" as to the two charges of attempted murder in the second degree were an acquittal only "in form," not "in substance." *Id.* at 32–34. The Hawaii Supreme Court reasoned that the erroneous jury instructions had failed to apprise the jury that attempted murder in the first degree required not just a showing that Stow had attempted to kill more than one person, but a showing that Stow had intended to kill more than one person "pursuant to a continuing course of conduct, or a common

scheme or plan." *Id.* at 33. The Hawaii Supreme Court held that, because of this error, "the jury **likely** could not distinguish between attempted murder in the first degree and two counts of attempted murder in the second degree." *Id.* (emphasis added). Calling the "markings of 'not guilty'" on the charges of attempted murder in the second degree "juror error," the Hawaii Supreme Court said, "[W]e do not **believe** that the jury was so misguided as to believe it could find Stow guilty of attempted murder in the first degree, as well as two counts of attempted murder in the second degree." *Id.* (emphasis added).

Citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), the Hawaii Supreme Court interpreted the verdict form as only convicting Stow of attempted murder in the first degree, but not acquitting Stow of the two counts of attempted murder in the second degree. The Hawaii Supreme Court held that there was no double jeopardy problem, and remanded Stow's case for retrial on the two counts of attempted murder in the second degree. *Id.* at 34. Judgment was entered by the Hawaii Supreme Court on February 21, 2002. Stow did not seek certiorari with the United States Supreme Court.

On December 2, 2002, Stow filed his Petition in this court seeking relief under 28 U.S.C. § 2254. He amended his Petition on January 15, 2003. Stow argues that his upcoming retrial in state court on two counts of attempted murder in the second degree will violate his rights under the Double Jeopardy Clause.

On September 22, 2003, Magistrate Judge Kevin S.C. Chang filed his Amended F & R. Albert Murashige, Warden, Maui Community Correctional Center (the

---

bance" as an alternative to finding guilt as to attempted murder in the first degree and as to the two counts of attempted murder in the

second degree. The jury left all three of these pages blank.

"State"), timely objected to the Amended F & R. Those objections did not contend that there was any error in the conclusions in the Amended F & R that the Petition was timely and that Stow had exhausted his remedies. This court ADOPTS the discussion on those subjects in the Amended F & R without further comment. The State instead objects to the Amended F & R's recommendation that this court bar retrial on the two counts of attempted murder in the second degree as violative of the Double Jeopardy Clause. The retrial in state court is scheduled to commence on November 3, 2003.

## II.  STANDARD OF REVIEW.

■ The court reviews de novo those portions of the Amended F & R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(b); Local Rules 72.5 and 74.2. The court may accept those portions of the Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. See Abordo v. State of Hawaii, 902 F.Supp. 1220 (D.Haw.1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir.1974).

## III.  ANALYSIS.

The State objects to the Amended F & R's conclusion that a retrial on the two charges of attempted murder in the second degree would contravene clearly established federal law, as determined by the United States Supreme Court. Examining this conclusion de novo, this court determines that it is correct.

■ Stow requests relief from his state court conviction under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state-court rulings."  Lindh v. Murphy, 521 U.S. 320, 334, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997);  Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir.2003), cert. denied, 72 USLW 3184, —— U.S. ——, 124 S.Ct. 446, —— L.Ed.2d —— (2003).

Under § 2254:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Although Stow initially based his petition on § 2254(d)(1), Stow now argues that both subsections are implicated. Stow's § 2254(d)(2) argument is untimely and unnecessary, as the court concludes that § 2254(d)(1) is applicable and that, under § 2254(d)(1), Stow is entitled to relief.

A.  The Hawaii Supreme Court's Decision was Contrary to Clearly Established Federal Law, as Determined by the United States Supreme Court.

■ The State objects to the Amended F & R on the ground that the Hawaii Supreme Court's decision was not contrary to clearly established federal law, as determined by the United States Supreme Court. For purposes of § 2254(d)(1), a state court decision is "contrary to ... clearly established Federal law, as deter-

mined by the Supreme Court," when "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or when "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *accord Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003); *Himes v. Thompson,* 336 F.3d 848, 852(9th Cir. 2003); *Clark,* 331 F.3d at 1067.

The State argues that the Hawaii Supreme Court merely corrected a "clerical error" when it determined that the jury's writing of the words "Not Guilty" as to the two counts of attempted murder in the second degree did not constitute an acquittal. This court agrees with and adopts Magistrate Judge Chang's statement in the Amended F & R that a retrial of Stow based on this reading is contrary to clearly established federal law concerning the Double Jeopardy Clause. This clearly established federal law, as set forth by the United States Supreme Court, prohibits an interpretation of a jury's acquittal as anything but an acquittal.

The Hawaii Supreme Court spoke of what it "believed" the jury had intended and of the difficulty the jury "likely" had. Memorandum Opinion (No. 23136 (Feb. 21, 2002) at 33). The words "believe" and "likely" are not definitive; they admit the possibility that the jury intended the words "Not Guilty" to have full force and effect. The Hawaii Supreme Court's own words are therefore difficult to interpret as correcting a mere "clerical error." Speculating as to what the jury thought would permit the appellate court, not the jury, to determine Stow's guilt.

The Hawaii Supreme Court's interpretation of the jury's verdict is not only based on speculation, it contravenes the very law

the Hawaii Supreme Court has set forth. As the Amended F & R recognizes, the Hawaii Supreme Court appears to have proceeded as if attempted murder in the second degree were a lesser included offense of attempted murder in the first degree. But the Hawaii Supreme Court has expressly held that murder in the second degree requires a different *mens rea* from murder in the first degree, so that "second degree murder is not a lesser included offense of first degree murder." *Briones v. State,* 74 Haw. 442, 448–49 n. 3, 848 P.2d 966, 970 n. 3 (1993). Thus, any conclusion the jury reached as to attempted murder in the first degree, even assuming that conclusion had not been set aside by the Hawaii Supreme Court, could not serve as justification for a retrial on the charges of attempted murder in the second degree. The two crimes are simply distinguishable.

Given Stow's acquittal on the charges of attempted murder in the second degree, retrial would violate the Double Jeopardy Clause, as that provision has been explained by the United States Supreme Court. *See United States v. Dixon,* 509 U.S. 688, 695–96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). This prohibition is not confined to federal cases; it applies to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The policy behind the Double Jeopardy Clause "is the concern that permitting the sovereign freely to subject the citizen to a second trial for the same offense would arm Government with a potent instrument of oppression." The United States Supreme Court has said:

> The Clause, therefore, guarantees that the State shall not be permitted to make repeated attempts to convict the accused, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity as well as

enhancing the possibility that even though innocent he may be found guilty."

*Martin Linen,* 430 U.S. at 569, 97· S.Ct. 1349 (quoting *Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)).[4]

■ The Double Jeopardy Clause provides three related protections: (1) it prohibits a second prosecution for the same offense after acquittal; (2) it prohibits a second prosecution for the same offense after conviction; and (3) it prohibits multiple punishments for the same offense. *United States v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). The first of these protections, which the Supreme Court has characterized as "[p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence," see *Martin Linen,* 430 U.S. at 571, 97 S.Ct. 1349, is at issue here.

This first protection was also at issue in *Ball v. United States,* 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). *Ball* involved a murder charge brought against three men. A jury found two of them guilty and acquitted the third, M.F. Ball. The trial court discharged Ball and judged the other two defendants guilty, sentencing them to death. *Id.* at 664, 16 S.Ct. 1192. The convictions of the two defendants were reversed on appeal because the indictment was insufficient. *Id.* at 664–65, 16 S.Ct. 1192. The three defendants were then reindicted. Over objections by all of the defendants based on double jeopardy, all three were retried and convicted of the murder. *Id.* at 665–66, 16 S.Ct. 1192. On appeal, the Supreme Court held that, because M.F. Ball had already been acquitted, his retrial violated the Double Jeopardy Clause. *Id.* at 669–71, 16 S.Ct. 1192. The retrial of the other two defendants, by

contrast, did not violate the Double Jeopardy Clause. *Id.* at 672. *Ball* teaches that, once a defendant has been acquitted, the Double Jeopardy Clause bars his retrial. Stow therefore cannot be retried for attempted murder in the second degree.

The Supreme Court further explained in *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), that even an erroneous acquittal prevents a retrial. In *Fong Foo,* the trial court directed the jury to return a verdict of acquittal because of prosecutorial misconduct and/or a lack of credible testimony. After a formal judgment of acquittal was entered, the government appealed, arguing that the judgment of acquittal should be vacated and the case retried. The Court of Appeals for the First Circuit, concluding that the trial judge had not had the authority to direct a judgment of acquittal, set aside the acquittal and ordered a retrial. The Supreme Court reversed. Because the defendants had been tried under a valid indictment in a court with subject matter jurisdiction, and because the trial did not terminate before the entry of the judgment of acquittal, the Supreme Court held that, regardless of any trial court error in directing a judgment of acquittal for the defendants, they could not be retried without violating the Double Jeopardy Clause. *Id.* at 143, 82 S.Ct. 671. Thus, even if the "Not Guilty" verdict in the present case resulted from error by the jury or Judge Mossman, Stow could not be retried on the charges of attempted murder in the second degree.

■ Nor is retrial permitted by *Martin Linen,* which the Hawaii Supreme Court cites. *Martin Linen* involved a trial in which the jury was deadlocked and therefore discharged. *Martin Linen,* 430 U.S. at 565, 97 S.Ct. 1349. The trial court then

---

4. In *Green,* the Supreme Court explained that "a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offence." *Green,* 355 U.S. at 188, 78 S.Ct. 221.

entertained motions for judgment of acquittal under the Federal Rules of Criminal Procedure and entered judgments of acquittal. *Id.* at 566–67, 97 S.Ct. 1349. The issue before the Supreme Court was whether the government could appeal the judgments of acquittal. The Court began its examination of the issue by noting that the Double Jeopardy Clause was implicated "only when the accused has actually been placed in jeopardy." *Id.* at 569. Jeopardy attaches when the jury is empaneled and sworn, or, in the case of a bench trial, when the judge begins to receive evidence. *Id.* The Court held that the Double Jeopardy Clause was not implicated if a government appeal would not lead to successive prosecutions. The government could, for example, appeal a post-conviction dismissal of an indictment, as a reversal would merely reinstate the conviction. *Id.* at 570, 97 S.Ct. 1349. However, when a jury has not agreed on a verdict and a judgment of acquittal has issued, a retrial would necessitate another trial, or at least some other proceeding devoted to the resolution of factual issues going to the elements of the offense charged. Such a retrial would violate the Double Jeopardy Clause. *Id.*

The Court said that "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action." *Id.* at 571, 97 S.Ct. 1349. Instead, whether a ruling is an acquittal turns on "whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id. Martin Linen* held that the judgments of acquittal at issue were acquittals "in substance as well as form." *Id.* at 572, 97 S.Ct. 1349. This court sees no less substance in the jury's "Not Guilty" decision in the present case. A retrial of Stow on the charges of attempted murder in the second degree would be contrary to clearly established federal law, as determined by United States Supreme Court cases stretching back many years.

B. *The Hawaii Supreme Court's Decision was an Unreasonable Application of Clearly Established Federal Law, as Determined by the United States Supreme Court.*

■ Section 2254(d)(1) provides for the issuance of a writ of habeas corpus if a state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In the preceding discussion, this court has adopted Magistrate Judge Chang's conclusion that Stow's retrial for attempted murder in the second degree would be "contrary to" established federal law. The Amended F & R did not discuss the alternative "unreasonable application" language of § 2254(d)(1), but this court concludes that the Hawaii Supreme Court's decision was also an unreasonable application of clearly established federal law, as determined by the United States Supreme Court.

A state court decision is "an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" when "the state court identifies the correct governing legal rule from [Supreme Court] cases, but unreasonably applies it to the facts of the particular case," or when "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." [5] *Williams,* 529 U.S. at 407, 120

---

**5.** "While circuit law may be 'persuasive authority' for purposes of determining whether

S.Ct. 1495; *see also Clark,* 331 F.3d at 1067. The "unreasonable application" clause "requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Lockyer,* 123 S.Ct. at 1174; *accord Thompson,* 336 F.3d at 852–53; *Clark,* 331 F.3d at 1068.

Jeopardy attached when the jury in Stow's state court trial was empaneled and sworn. Accordingly, under *Ball, Fong Foo,* and *Martin Linen,* whether the Double Jeopardy Clause bars Stow's retrial turns on whether Stow was acquitted of attempted murder in the second degree.

The Supreme Court has defined an "acquittal" as "a resolution, correct or not, of some or all of the factual elements of the offense charged." *Sanabria v. United States,* 437 U.S. 54, 71, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Martin Linen,* 430 U.S. at 571, 97 S.Ct. 1349. "While form is not to be exalted over substance in determining the double jeopardy consequences of a ruling terminating a prosecution, neither is it appropriate entirely to ignore the form of order entered by the trial court." *Sanabria,* 437 U.S. at 66, 98 S.Ct. 2170 (internal citations omitted).

■ Citing *Martin Linen,* 430 U.S. at 571, 97 S.Ct. 1349, and *State v. Lee,* 91 Hawai'i 206, 209, 982 P.2d 340, 343 (1999), the Hawaii Supreme Court correctly recognized that a decision is an acquittal for purposes of the Double Jeopardy Clause only if the decision represents a resolution in the defendant's favor of some or all of the factual elements of the offense. But the Hawaii Supreme Court then went on to unreasonably apply this correct legal

rule to the facts of the present case. *See Williams,* 529 U.S. at 407, 120 S.Ct. 1495.

The Hawaii Supreme Court held that the jury's "Not Guilty" decision as to the counts of attempted murder in the second degree were acquittals only "in form," not "in substance." The Hawaii Supreme Court reasoned that, given the failure of the trial judge to instruct the jury that attempted murder in the first degree required a continuing course of conduct, or a common scheme or plan, the jury "likely" could not differentiate between the one count of attempted murder in the first degree and the two counts of attempted murder in the second degree. The Hawaii Supreme Court "believed" that the jury did not intend to acquit Stow of attempted murder in the second degree. The Hawaii Supreme Court then concluded that the Double Jeopardy Clause did not bar Stow's retrial on the charges of attempted murder in the second degree. *Martin Linen* does not authorize this kind of interpretation by a state appellate court of a jury's acquittal. The jury's verdict of "Not Guilty" represented a resolution in Stow's favor "of some or all of the factual elements of the offense" of attempted murder in the second degree. In refusing to acknowledge the substance in the jury's acquittal, the Hawaii Supreme Court unreasonably applied the legal principles set forth in the United States Supreme Court's precedents.

### C. *Stow's Implied Acquittal Theory is not Persuasive.*

Stow urges this court to adopt the Amended F & R not only on the grounds cited by Magistrate Judge Chang, but also on the ground that the jury had to have

a state court decision is an unreasonable application of Supreme Court law, only the Supreme Court's holdings are binding on the

state courts and only those holdings need be reasonably applied." *Clark,* 331 F.3d at 1069.

found Stow not guilty of attempted murder in the second degree if it found Stow guilty of attempted murder in the first degree. Stow's argument is that, because attempted murder in the first degree and attempted murder in the second degree murder have different *mens rea* requirements, when the jury originally found Stow guilty of attempted murder in the first degree, it impliedly found Stow not guilty of attempted murder in the second degree. Under this argument, Stow could not be retried for attempted murder in the second degree even if the jury had not written anything in the blanks for that offense. This court need not consider this argument, as the jury did fill in those blanks. Moreover, as the Hawaii Supreme Court noted, Stow was not properly instructed on the *mens rea* requirement for attempted murder in the first degree. The conviction for attempted murder in the first degree has been vacated, so it cannot serve as the basis on which to imply anything.

### D. *The Court Declines to Stay this Order.*

■ Because the court concludes that the Double Jeopardy Clause would be violated if Stow were retried on the two counts of attempted second degree murder, the State may not continue to detain Stow solely for the purpose of trying him a second time on those two counts. If Stow attacked people with a machete, the State may be correct in arguing that he is a danger to the community. However, our Constitution does not permit the State to hold even a dangerous person for a retrial on charges that the person has been acquitted of. The court expresses no opinion as to whether Stow may be held pending trial on charges other than the two counts of attempted murder in the second degree. That matter was not raised in Stow's Peti-

tion, was not briefed for Magistrate Judge Chang, and is not the subject of the objections to the Amended F & R on which this court is now ruling. If the State intends to pursue such other charges, and if Stow objects, that is a matter that should be addressed in the first instance to the state court, where Stow must exhaust any remedies he may assert. The Amended F & R put the State on notice that, if the Amended F & R were adopted, Stow could not be retried for attempted murder in the second degree. If there is no detention order by the state court in place on other charges at the time the present order issues, the State is ordered to release Stow from its custody forthwith, subject to such further action as a court may properly order.

### IV.  *CONCLUSION.*

For the foregoing reasons, the court adopts the Amended F & R, supplementing it as set forth above. Stow's § 2254 petition is GRANTED. Stow may not be retried for attempted murder in the second degree. The court denies as moot Stow's motion to stay his state court trial on those charges pending resolution of his Petition. The Clerk of Court is directed to enter judgment in Stow's favor.

IT IS SO ORDERED.