FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000409**
**29-JUL-2024**
**08:01 AM**
**Dkt. 134 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KAMALEI WILBUR-DELIMA, Defendant-Appellant


CAAP-23-0000409


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NOS. 1PC151000955, 1PC151001274, 1PC151001978, and
1PC161001506)

JULY 29, 2024

LEONARD, ACTING CHIEF JUDGE, HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY LEONARD, ACTING CHIEF JUDGE

Defendant-Appellant Kamalei Wilbur-Delima (**Wilbur-Delima**) appeals from the May 26, 2023 Orders Denying Defendant's Motion to Correct Illegal Sentence (**May 26, 2023 Orders**),[1] entered by the Circuit Court of the First Circuit (**Circuit Court**),[2] as well as the Circuit Court's April 10, 2023 Findings of Fact; Conclusions of Law; Order Denying Defendant's Motion to

---

[1] The May 26, 2023 Orders denied Wilbur-Delima's request to correct his sentences in 1PC151000955, 1PC151001978, and 1PC161001506.

[2] The Honorable Trish K. Morikawa presided.

Correct Illegal Sentence (**April 10, 2023 Order**)[3] (together, **Orders Denying Correction of Illegal Sentences**). In four December 13, 2022 Resentencing Orders, the Circuit Court revoked Wilbur-Delima's probation, and resentenced him to a term of ten years imprisonment in 1PC151000955, and five years in 1PC151001274, 1PC151001978, and 1PC161001506, all to be served concurrently.

The fundamental issue in this appeal is whether Hawaii Revised Statutes (**HRS**) §§ 706-625(1), (4) (2014) and 706-627(1) (2014), read *in pari materia*, exclude "motions to modify" probation from motions that toll a defendant's probation. For the reasons stated herein, we hold that a motion to modify probation that seeks to enlarge a condition of probation is a tolling motion. Affirmed.

I.    BACKGROUND

A.    June 15, 2015 - April 26, 2017

On June 16, 2015, the State of Hawaiʻi (**State**) charged Wilbur-Delima via grand jury indictment with one count of Robbery in the Second Degree, in violation of HRS §§ 708-841(1)(a) (2014) and/or 708-841(1)(b) (2014), in 1PC151000955. On August 17, 2015, the State charged Wilbur-Delima via felony information with one count of Attempted Escape in the Second Degree, in violation of HRS §§ 705-500(1)(b) (2014) and 710-1021 (2014), in

---

[3]    The April 10, 2023 Order denied Wilbur-Delima's motion to correct his sentence in 1PC151001274. Wilbur-Delima's notice of appeal also purported to appeal from the December 13, 2022 Orders of Resentencing, Revocation of Probation (**Resentencing Orders**). However, at the June 26, 2024 oral argument on this appeal, Wilbur-Delima's attorney acknowledged that the notice of appeal was untimely as to the Resentencing Orders and stated that Wilbur-Delima was only seeking appellate review of the Orders Denying Correction of Illegal Sentences.

1PC151001274.  Wilbur-Delima pled guilty in 1PC151001274 and 1PC151000955 on December 2, 2015.

On December 16, 2015, the State charged Wilbur-Delima via felony information with one count of Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243 (2014), in 1PC151001978.  Wilbur-Delima pled guilty in 1PC151001978 on February 3, 2016.

On July 20, 2016, the Circuit Court[4] entered a judgment of conviction, sentencing Wilbur-Delima to concurrent four years probation in 1PC151001274, 1PC151001978, and 1PC151000955.

On September 14, 2016, the State filed a motion to revoke Wilbur-Delima's probation in 1PC151001274 and requested resentencing for Wilbur-Delima's inexcusable violation of multiple conditions of his probation.

On September 21, 2016, the State charged Wilbur-Delima via complaint with Habitual Property Crime, in violation of HRS § 708-803 (Supp. 2023), in 1PC161001506.  Wilbur-Delima pled no contest in 1PC161001506 on November 29, 2016.

The State filed motions to revoke Wilbur-Delima's probation in 1PC151001978 and 1PC151000955 on December 8, 2016, asserting that Wilbur-Delima violated multiple conditions of his probation and requested resentencing to a term of imprisonment.

The Circuit Court[5] entered a judgment of conviction on April 26, 2017, sentencing Wilbur-Delima to four years probation in 1PC161001506.  Simultaneous with the April 26, 2017 judgment,

---

[4]     The Honorable Dexter D. Del Rosario presided.

[5]     The Honorable Glenn J. Kim presided.

the Circuit Court granted the State's motions to revoke Wilbur-Delima's probation and resentenced him to four years probation in 1PC151001274, 1PC151001978, and 1PC151000955.  The Circuit Court ordered the four-year probation terms in 1PC151001274, 1PC151001978, 1PC151000955, and 1PC161001506 (collectively, **Subject Cases**) to run concurrently.

  B. <u>June 30, 2017 - Present</u>

   On June 30, 2017, Wilbur-Delima entered Hawaii's Opportunity Probation with Enforcement (**HOPE**) Probation Program[6] and attended a HOPE Warning hearing with the Circuit Court.[7] The court addressed Wilbur-Delima and explained the consequences of non-compliance with HOPE Probation.  Between November 8, 2017, and February 28, 2020, the State filed ten "Motion[s] for Modification of the Terms and Conditions of Probation, Deferred Acceptance of Guilty Plea or Deferred Acceptance of No Contest Plea" (**Motions to Modify**) and/or "Motion[s] for Modification and/or Enlargement of Terms and Conditions of Probation, Deferred Acceptance of Guilty Plea or Deferred Acceptance of No Contest Plea" (**Motion to Enlarge**), alleging that Wilbur-Delima violated one or more conditions of his probation.  Wilbur-Delima

---

  [6] Hope Probation operates on a zero tolerance basis, where Probationers in the program receive swift, predictable, and immediate sanctions – typically resulting in several days in jail – for each detected violation, such as detected drug use or missed appointments with a probation officer.  Inst. for Behav. and Health, Inc., Robert L. DuPont, *State of the Art of HOPE Probation*, at 1-4 (2015), https://www.courts.state.hi.us/docs/news and reports docs/State of %20the Art of HOPE Probation.pdf.  "When HOPE probationers demonstrate repeatedly that they are unable to succeed under community supervision, and are not referred to the Honolulu Drug Court, their probation may be revoked and the probationer sent to prison."  <u>Id.</u> at 51.

  [7] The Honorable William M. Domingo presided.

stipulated to the violations in every one of the State's ten motions.  The motions, and corresponding orders granting them, are as follows:

1.  Motion to Modify filed November 8, 2017.  The State alleged that Wilbur-Delima failed to maintain substance abuse treatment until clinically discharged and failed to report to his probation officer.  The Circuit Court issued an "Order Granting [Motion to Modify]" (**Order Granting Modification**) on December 12, 2017, and ordered Wilbur-Delima to serve jail time (with credit for time served) and to report to his probation officer after release from custody.  Wilbur-Delima served approximately 29 days in jail.

2.  Motion to Modify filed February 9, 2018.  The State alleged that Wilbur-Delima admitted to using methamphetamine and failed to maintain substance abuse treatment until clinically discharged.  The Circuit Court issued an Order Granting Modification on February 27, 2018, ordering Wilbur-Delima to serve jail time (with credit for time served) and to report to his probation officer after release from custody.[8] Wilbur-Delima served approximately 20 days in jail.

3.  Motion to Modify filed April 17, 2019.  The State alleged that Wilbur-Delima refused to submit or failed to submit to urinalysis within thirty minutes of instruction on April 16, 2019.  The Circuit Court issued an Order Granting Modification on April 30, 2019, ordering Wilbur-Delima to serve one day of incarceration in the court's cellblock, and upon release, report to his probation officer.

4.  Motion to Modify filed June 3, 2019.  The State alleged that Wilbur-Delima admitted to using alcohol on May 31, and June 1, 2019, and methamphetamine on June 1, 2019.  The Circuit Court issued an Order Granting Modification on June 5, 2019, and ordered Wilbur-Delima to serve jail time equal to time served and to report to his probation officer immediately upon release.  Wilbur-Delima served approximately 3 days in jail.

5.  Motion to Modify filed July 23, 2019.  The State alleged that Wilbur-Delima refused to submit or failed

---

[8] The State filed a motion for revocation of probation and resentencing on February 21, 2018 (after filing the February 9, 2018 Motion to Modify) only in criminal number 1PC151001274.  The Circuit Court denied the motion, and treated it as a motion to modify, which as noted, the court granted.

to submit to urinalysis within thirty minutes of instruction on July 22, 2019. The Circuit Court issued an Order Granting Modification on July 30, 2019, ordering that Wilbur-Delima be counseled and then released to his probation officer.

6. Motion to Modify filed August 5, 2019. The State alleged that Wilbur-Delima refused to submit to urinalysis or failed to submit to urinalysis within thirty minutes of instruction on August 2, 2019. The Circuit Court issued an Order Granting Modification on August 14, 2019, sentencing Wilbur-Delima to one day incarceration and to report to his probation officer.

7. Motion to Modify filed August 28, 2019. The State alleged that Wilbur-Delima refused to submit or failed to submit to urinalysis within thirty minutes of instruction on August 28, 2019. The Circuit Court issued an Order Granting Modification on September 11, 2019, sentencing Wilbur-Delima to three days in jail, to be served from September 13, 2019, to September 15, 2019, and then report to his probation officer.

8. Motion to Modify filed September 17, 2019. The State alleged that Wilbur-Delima failed to report to his probation officer as ordered on September 16, 2019. The Circuit Court issued an Order Granting Modification, sentencing Wilbur-Delima to serve three days in jail from October 4, 2019, to October 6, 2019, and to then immediately report to his probation officer upon release.

9. Motion to Modify filed October 7, 2019. The State alleged that Wilbur-Delima had a positive drug test for methamphetamine on September 30, 2019, admitted to using methamphetamine on September 29, 2019, and submitted an altered urine test on September 30, 2019. The Circuit Court issued an Order Granting Modification on November 6, 2019, sentencing Wilbur-Delima to a jail term equal to time served (approximately 30 days) and to report to his probation officer upon release.

10. Motion to Enlarge filed February 28, 2020. The State alleged that Wilbur-Delima refused to submit or failed to submit to urinalysis within thirty minutes of instruction on February 27, 2020, and failed to report to his probation officer as ordered on February 27, 2020. The Circuit Court issued an "Order Granting [Motion for Enlargement]" (**Order Granting Enlargement**) on June 24, 2020, sentencing Wilbur-Delima to serve a term of incarceration equal to credit for time served, and to schedule an appointment with his probation

officer within 24 hours of release from custody. Wilbur-Delima served approximately 41 days in jail.

On November 23, 2021, in 1PC161001506, 1PC151001978, 1PC151000955, and November 30, 2021, in 1PC151001274, the State filed the "Motion[s] for Revocation of Probation, Resentencing and Issuance of Summons" (**Motions for Revocation**), asserting that Wilbur-Delima failed to maintain substance abuse treatment until clinically discharged.

On February 18, 2022, Wilbur-Delima stipulated to the violations in the State's Motions for Revocation; the Circuit Court orally granted the State's motions, allowed Wilbur-Delima another opportunity to complete substance abuse treatment at Kaiser, and continued resentencing to March 22, 2022. Wilbur-Delima failed to appear at the continued resentencing hearings held on March 22, 2022, and April 5, 2022. A bench warrant was issued for Wilbur-Delima's arrest on April 5, 2022, and Wilbur-Delima was arrested on April 22, 2022. On May 17, 2022, the court granted Wilbur-Delima's request for a continuance in order to reapply to drug court. Wilbur-Delima was denied admission to drug court on October 12, 2022. On December 6, 2022, the State convicted Wilbur-Delima of two additional felonies, Habitual Property Crime in 1CPC-22-0000697 and Unauthorized Entry into Motor Vehicle in the First Degree in 1CPC-22-0000970.

On December 13, 2022, the Circuit Court issued the Resentencing Orders, revoking Wilbur-Delima's probation, and sentencing him to concurrent sentences in the Subject Cases with the longest term of ten years levied in 1PC151000955. On

February 15, 2023, Wilbur-Delima filed his Motions to Correct Illegal Sentence (**Motions to Correct**), asserting that the court did not have jurisdiction to revoke or modify his probation because the State's Motions to Modify did not toll his probation, and therefore, as of August 21, 2021, the court's supervision lapsed.

Thereafter, the Circuit Court issued the Orders Denying Correction of Illegal Sentences. The Circuit Court found that eight of the State's Motions to Modify enlarged the terms and conditions of Wilbur-Delima's probation, thereby tolling his probation for 257 days, and extending his probation period to January 8, 2022.

Wilbur-Delima filed a notice of appeal on June 23, 2023.

II.  POINTS OF ERROR

Wilbur-Delima raises two points of error on appeal contending that the Circuit Court erred in: (1) granting the Motions for Revocation, and ignoring and/or overruling prior orders modifying Wilbur-Delima's probation that did not extend his concurrent four-year terms, and sentencing him to indeterminate prison terms; and (2) denying Wilbur-Delima's Motions to Correct and finding that Wilbur-Delima was still on probation and under the court's jurisdiction on November 23, 2021.[9]

_____

[9] Although there was a passing reference to a notice issue in Wilbur-Delima's opening brief, at oral argument, Wilbur-Delima's attorney clearly stated that they were proceeding only based on their statutory
(continued...)

III. <u>APPLICABLE STANDARDS OF REVIEW</u>

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

<u>State v. Mundon</u>, 121 Hawai'i 339, 349, 219 P.3d 1126, 1136 (2009) (quoting <u>State v. Kahapea</u>, 111 Hawai'i 267, 278, 141 P.3d 440, 451 (2006)).

Statutory interpretation is a question of law reviewable *de novo*. In reviewing questions of statutory interpretation, we are guided by the following principles:

> First, the fundamental starting point for statutory-interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

<u>State v. Milne</u>, 149 Hawai'i 329, 333, 489 P.3d 433, 437 (2021) (quoting <u>State v. Castillon</u>, 144 Hawai'i 406, 411, 443 P.3d 98, 103 (2019)).

> When there is ambiguity in a statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law.

---

[9](...continued)
interpretation arguments and not based on any alleged lack of notice that his probation had been extended.

State v. Abihai, 146 Hawaiʻi 398, 406, 463 P.3d 1055, 1063 (2020) (citation omitted).

IV.   DISCUSSION

A.   Timeliness of Appeals

The State challenges this court's jurisdiction over Wilbur-Delima's appeal from the Resentencing Orders and the April 10, 2023 Order based on the untimeliness of the filing of the notice of appeal.  As noted above, at oral argument, Wilbur-Delima declined to argue that this court should grant relief directly from the Resentencing Orders, instead urging us to "relax the deadline" in the appeal from the April 10, 2023 Order.

Hawaiʻi appellate courts often reach the merits of a criminal defendant's appeal, notwithstanding a failure to meet the deadline for filing a notice of appeal, "where justice so warrants."  State v. Caraballo, 62 Haw. 309, 315, 615 P.2d 91, 96 (1980) (permitting appeal filed after the deadline where defendant had withdrawn his initial appeal based upon counsel's erroneous advice); State v. Cardenas, 150 Hawaiʻi 307, 317, 500 P.3d 492, 502 (App. 2021) (allowing an appeal to proceed, despite an untimely filing of a notice of appeal, when defense counsel has inexcusably or ineffectively failed to perfect an appeal).  In addition, even if we were to dismiss or deny relief from Wilbur-Delima's challenge to the April 10, 2023 Order, an illegal sentence can be challenged at any time.  See Stanley v. State, 148 Hawaiʻi 489, 501, 479 P.3d 107, 119 (2021).  For these reasons, it is in the interest of justice, as well as judicial

economy, to address it here, along with Wilbur-Delima's timely challenge to the May 26, 2023 Orders.

B.    <u>Disregard of Prior Modification Orders</u>

In Wilbur-Delima's first point of error, he argues that the Circuit Court abused its discretion in the Resentencing Orders by failing to properly consider the prior modification orders.  As Wilbur-Delima no longer seeks relief directly from the Resentencing Orders, and this argument was not raised in Wilbur-Delima's challenge to the Orders Denying Correction of Illegal Sentences, no relief may be granted on this ground.

C.    <u>Motions to Modify and the Tolling of Probation</u>

Wilbur-Delima argues that HRS §§ 706-625(1), (4) (2014) and 706-627(1) (2014), read *in pari materia*, exclude "motions to modify" from motions that toll a defendant's probation.  HRS § 706-625 provides, in pertinent part:

> **§ 706-625  Revocation, modification of probation conditions.**  (1)  The court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation except as provided in subsection (7), reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706-627.
>
> . . . .
>
> (4)  The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.

HRS § 706-627 provides:

> **§ 706-627  Tolling of probation.**  (1)  Upon the filing of a motion to revoke a probation or a motion to enlarge the conditions imposed thereby, the period of probation shall be tolled pending the hearing upon the motion and the decision of the court.  The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning the motion for purposes of computation of the remaining period of probation, if any.  In the event the court fails to file a written decision upon the motion, the period shall

> be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.
>
> (2) In the event the court, following hearing, refuses to revoke the probation or grant the requested enlargement of conditions thereof because the defendant's failure to comply therewith was excusable, the defendant may be granted the period of tolling of the probation for purposes of computation of the remaining probation, if any.

The Circuit Court determined that when reading HRS § 706-625, the term "modify" can mean to either "enlarge" or "reduce" a sentence, as the plain meaning of "modify" encompasses both, and that even though the nine motions were titled "motions to modify," they substantively sought to enlarge the conditions of Wilbur-Delima's probation in light of Wilbur-Delima's violations of the conditions of probation, and his sentence was in fact enlarged with the eight orders that he serve various additional periods of jail time. Thus, the court concluded, eight of the nine Motions to Modify tolled Wilbur-Delima's probation.

Wilbur-Delima argues that the Circuit Court erred in concluding that his probation was tolled pursuant to HRS § 706-727(1) because the definition of modify does not equate with enlarging a condition of probation under that provision.

We conclude that this argument is without merit. Under the plain language of HRS § 707-625, a motion to modify the conditions of probation can either seek to reduce or enlarge them. The common understanding of a modification, as well as the legal dictionary definition, is simply to change something. See Black's Law Dictionary, 11th ed., 1203 (2019) (defining "modification" as a "change to something; an alteration or

amendment," and defining "modify" as "[t]o make somewhat different; to make small changes to (something)").  If an HRS § 707-625(1) "motion to modify" seeks to enlarge a condition of probation, then under the plain language of HRS § 706-627, probation is tolled.  Wilbur-Delima's argument, in essence, is that courts should ignore the substance of an HRS § 707-625(1) motion to modify seeking to enlarge a condition of probation, and in his case, strictly construe the title "motion to modify" to exclude the undisputed fact that an enlarged probation condition, i.e., more jail time, was being sought in each of these nine motions.  Wilbur-Delima offers no support for this construction, which appears to be contrary to case law admonitions against raising form over substance.  See Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 254, 47 P.3d 348, 369 (2002) (stating that "elevat[ing] form over substance" is an "approach we have repeatedly eschewed"); State v. Poohina, 97 Hawaiʻi 505, 509, 40 P.3d 907, 911 (2002); see also State v. Wong, 47 Haw. 361, 367, 389 P.2d 439, 444 (1964) ("In determining whether the order of dismissal was 'an order or judgment, sustaining a special plea in bar' we are guided by substance, not form.").

Wilbur-Delima also points to the legislative history of HRS §§ 706-625 and 706-627.  We conclude, however, that this line of argument is of no avail.

These statutes were enacted in 1972 and read as follows:

> **Sec.  625  Modification of conditions.**
> During a period of probation or suspension of sentence, the court, on application of a probation officer or of the defendant, or on its own motion, may modify the

13

requirements imposed on the defendant or add further requirements authorized by section 624.

> **Sec. 627 Notice and hearing on revocation of suspension of sentence or probation, or increasing the conditions thereof.**
> The court shall not revoke a probation or suspension of sentence or increase the requirements imposed thereby on the defendant except after a hearing upon written notice to the defendant of the grounds on which such action is proposed. The defendant shall have the right to hear and controvert the evidence against him, to offer evidence in his defense, and to be represented by counsel.

1972 Haw. Sess. Laws Act 9, § 1 at 76.

Wilbur-Delima argues that because Section 625 states that suspended sentences may be "modified" or "further requirements" may be added, modifications and increases/enlargements are distinct, with the former meaning small changes, not enlarging or adding further requirements. However, this is essentially the same argument he makes with respect to the current form of the statutes. As discussed above, "modified" simply means somewhat changed or altered, and does not preclude a modification in a manner that enlarges an existing condition.

In 1977, HRS § 706-627 was amended to read as follows:

> **Sec. 706-627 Notice and hearing on revocation of suspension of sentence or probation, or increasing the conditions thereof; tolling of suspension of sentence or probation.** (1) The court shall not revoke a probation or suspension of sentence or increase the requirements imposed thereby on the defendant except after a hearing upon written notice to the defendant of the grounds on which such action is proposed. The defendant shall have the right to hear and controvert the evidence against him, to offer evidence in his defense, and to be represented by counsel.
>
> (2) Upon the filing of a motion to revoke a probation or suspension of sentence or a motion to increase the requirements imposed thereby, the period of probation or suspension of sentence shall be tolled pending the hearing upon the motion and the decision of the court. The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning the motion for purposes of computation of the remaining period of probation or suspension, if any. In the event the court fails to file a

> written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation or suspension, the defendant shall remain subject to all terms and conditions of the probation or suspension except as otherwise provided by this chapter.
>
> (3) In the event the court, following hearing, refuses to revoke the probation or suspension or grant the requested increases in requirements thereof, the defendant shall be granted the period of tolling of the probation or suspension for purposes on computation of the remaining probation or suspension, if any.

1977 Haw. Sess. Laws Act 106, § 1 at 189.

The Senate Standing Committee Report explained that the purpose of the legislation was to provide for tolling of probation whenever a motion to revoke probation or increase the requirements imposed is filed. S. Stand. Comm. Rep. No. 1105, in 1977 Senate Journal, at 1295. The committee found that under the law at the time, it was possible for a person's probation to run out pending a revocation hearing, making the person free even though they may have committed acts justifying revocation of probation. Id. Wilbur-Delima asserts that this statutory language shows that tolling is intended to apply to motions to revoke or increase the requirements of probation, not motions to modify.

However, we conclude that the Legislature clearly indicated that the amendments were designed to prevent a person's probation from lapsing pending a revocation hearing, even though they may have committed acts justifying revoking probation. Id. It appears that Wilbur-Delima is the exact type of probationer the Legislature wanted to remain on probation pending a decision on resentencing. Wilbur-Delima stipulated to violating the terms and conditions of his probation numerous times, but a hallmark of

HOPE probation allowed the court to repeatedly modify his probation and impose short jail stints in lieu of simply resentencing him to the open term earlier in his probation. The legislative history confirms that the intent of the tolling statute is to prevent a noncompliant probationer from taking advantage of the time it takes for the courts to decide motions that seek to enlarge or revoke their probation.

Our plain reading of the purpose of the tolling statute is reinforced by the 1980 amendments to HRS § 706-627, where the Legislature amended HRS § 706-627(3) to read:

> (3) In the event the court, following hearing, refuses to revoke the probation or suspension or grant the requested increases in requirements thereof <u>because the defendant's failure to comply therewith was excusable</u>, the defendant [shall] <u>may</u> be granted the period of tolling of the probation or suspension for purposes [on] <u>of</u> computation of the remaining probation or suspension, if any.

1980 Haw. Sess. Laws Act 156, § 1 at 235 (additions underlined, deletions bracketed).

The Standing Committee Reports on Act 156 reiterated the Legislature's intent from the 1977 amendments, and sought to further amend the law due to concerns that it "[gave] defendants an unfair advantage by allowing them, in essence, to be given 'credit' toward their sentence for a period of time when they are not abiding by the terms of such sentence." H. Stand. Comm. Rep. No. 434-80, in 1980 House Journal, at 1466, S. Stand. Comm. Rep. No. 753-80, in 1980 Senate Journal, at 1364.

In 1985, HRS §§ 706-625 and 706-627[10] were again amended. The 1985 amendments to § 706-625 added subsections (b)-(e), now (2)-(5), and made minor changes to the first subsection:

> **§ 706-625 [Modification of conditions.] Revocation of suspension of sentence or probation, modification of conditions or imposition of further requirements.** (a) During a period of probation or suspension of sentence, the court, on application of a probation officer, the prosecuting attorney, [or of] the defendant, or on its own motion, after a hearing, may revoke the suspension of sentence or probation, modify the requirements imposed on the defendant, or [add] impose further requirements authorized by section 706-624.
>
> (b) The prosecuting attorney, the defendant's probation officer, and the defendant shall be notified by the movant in writing of the time, place, and date of any such hearing, and of the grounds upon which action under this section is proposed. The prosecuting attorney, the defendant's probation officer, and the defendant may appear in the hearing to oppose or support the application, and may submit evidence for the court's consideration. The defendant shall have the right to be represented by counsel. For purposes of this section the court shall not be bound by the Hawaii Rules of Evidence, except for the rules pertaining to privileges.
>
> (c) The court shall revoke the suspension of sentence or probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony. The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.
>
> (d) The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.
>
> (e) When the court revokes a suspension of sentence or probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

1985 Haw. Sess. Laws Act 192, § 1 at 327-28 (additions underlined, deletions bracketed). Wilbur-Delima argues that because subsection (a) kept the distinction between motions to

---

[10] The only relevant change to HRS § 706-627 was that the title changed from "Notice and hearing on revocation of suspension of sentence or probation, or increasing the conditions thereof; tolling" to "Tolling of suspension of sentence or probation." 1985 Haw. Sess. Laws Act 192, § 1 at 328.

revoke, modify, and add further requirements, and subsection (d) also makes a distinction between motions to modify and motions to impose further requirements, the legislature intended these motions to be distinct. Any ambiguity created by the 1985 amendments was resolved by the 1986 amendments.

In 1986, HRS § 706-625 was amended to read:

> **§ 706-625 Revocation [of suspension of sentence or probation], modification of <u>probation</u> conditions [or imposition or further requirements].** (a) [During a period of probation or suspension of sentence, the] <u>The</u> court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke [the suspension of sentence or] probation, [modify the requirements imposed on the defendant, or impose further requirements authorized by section 706-624.] <u>reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706-627.</u>
>
> (b) The prosecuting attorney, the defendant's probation officer, and the defendant shall be notified by the movant in writing of the time, place, and date of any such hearing, and of the grounds upon which action under this section is proposed. The prosecuting attorney, the defendant's probation officer, and the defendant may appear in the hearing to oppose or support the application, and may submit evidence for the court's consideration. The defendant shall have the right to be represented by counsel. For purposes of this section the court shall not be bound by the Hawaii Rules of Evidence, except for the rules pertaining to privileges.
>
> (c) The court shall revoke [the suspension of sentence or] probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony. The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.
>
> (d) The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.
>
> (e) When the court revokes [a suspension of sentence or] probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

1986 Haw. Sess. Laws Act 314, § 27 at 607 (additions underlined, deletions bracketed).

18

Clarity was improved with the heading of the statute replacing "imposition of further requirements" with "modification" to read "Revocation, modification of probation conditions," indicating that modification can encompass an imposition of further requirements. Additionally, "modify the requirements imposed" and "impose further requirements" in subsection (a) were replaced with "reduce or enlarge conditions of probation," again more clearly indicating that modifications encompass reductions and enlargements of probation conditions. Id. In the amendments to HRS § 706-627, the phrases "increase the requirements" in subsections (1) and (2) were replaced with "enlarge the conditions imposed." Id.

The Legislature's use of the word modify in HRS § 706-625 and not in HRS § 706-627 is clear, logical, and consistent with the statutory scheme and legislative history. As discussed, modification can encompass enlargements and reductions. However, only motions to modify seeking enlargements in probation conditions are tolling motions, and probationers subject to such enlargements are the ones that the Legislature wanted to potentially hold accountable for acts justifying the revocation of probation. See H. Stand. Comm. Rep. No. 450, in 1977 House Journal, at 1495 (emphases added); S. Stand. Comm. Rep. No. 1105, in 1977 Senate Journal, at 1295 (stating that the purpose of the 1977 amendments were to prevent a "person's period of probation . . . [from running] out pending a revocation hearing, thus making him a free man, even though he may have committed acts justifying revocation of probation or suspended sentence.")

In sum, we conclude that the legislative history underscores the plain meaning of HRS § 706-625 and HRS § 706-627.

D.    Rule of Lenity

Finally, Wilbur-Delima requests, if this court rejects his argument that the tolling provisions in HRS § 706-627 are inapplicable to motions to modify, that we apply the Rule of Lenity in his favor here.  Under the Rule of Lenity:

> When a statute is ambiguous, and the legislative history does not provide sufficient guidance, we follow the rule of lenity.  This "means that the court will not interpret a state criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what the legislature intended."  Accordingly, "[u]nder the rule of lenity, the statute must be strictly construed against the government and in favor of the accused."

State v. Woodfall, 120 Hawaiʻi 387, 396, 206 P.3d 841, 850 (2009) (citations omitted).

We follow this rule if we have to guess as to the meaning of a criminal statute.  That is not the case here.  The statute is clear and the legislative history is instructive. Accordingly, the Rule of Lenity is not applicable here.

V.    CONCLUSION

For these reasons, the Circuit Court's April 10, 2023, and May 26, 2023 Orders Denying Correction of Illegal Sentences are affirmed.

On the briefs:

Jason M. Kramberg,
Deputy Public Defender,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee regarding
  underlying Case Nos. 1PC151000955,
 1PC151001978 and 1PC161001506.

Michelle M.L. Puu,
Deputy Attorney General,
State of Hawaiʻi
for Plaintiff-Appellee regarding
 Case No. 1PC151001274.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge