**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000581**
**27-FEB-2025**
**08:18 AM**
**Dkt. 41 SO**

CAAP-22-0000581

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JASON M. FREDERICO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC131000713)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Jason M. Frederico (**Frederico**) appeals from the July 18, 2022 Order of Resentencing; Revocation of Probation, Notice of Entry (**Order of Resentencing**), entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] in favor of Plaintiff-Appellee the State of Hawaiʻi (**State**). Frederico also challenges the Circuit Court's October 19, 2022 Findings of Fact, Conclusions of Law, and Order Denying [Frederico's] Motion to Terminate Probation (**Motion to Terminate**) (**FOFs/COLs/Order**).

Frederico raises a single point of error on appeal, contending that the Circuit Court erred in denying the Motion to Terminate.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Frederico's point of error as follows:

Frederico was granted a four-year period of deferral of his no-contest plea (**DANC**) pursuant to Hawaii Revised Statutes

---

[1] The Honorable Trish K. Morikawa presided.

(**HRS**) § 853-1(b) (2014).[2]  The parties agree that the Circuit Court correctly concluded that HRS §§ 706-625 (2014) and 706-627 (2014) apply to a period of deferral imposed pursuant to HRS chapter 853.  See State v. Kaufman, 92 Hawaiʻi 322, 329, 991 P.2d

---

[2]    HRS § 853-1 states:

**§ 853-1  Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records**.  (a) Upon proper motion as provided by this chapter:

(1)    When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;

(2)    It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and

(3)    The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,

the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

(b)    The proceedings may be deferred upon any of the conditions specified by section 706-624.  As a further condition, the court shall impose a compensation fee pursuant to section 351-62.6 and a probation services fee pursuant to section 706-648 upon every defendant who has entered a plea of guilty or nolo contendere to a petty misdemeanor, misdemeanor, or felony; provided that the court shall waive the imposition of a compensation or probation services fee, if it finds that the defendant is unable to pay the compensation or probation services fee.  The court may defer the proceedings for a period of time as the court shall direct but in no case to exceed the maximum sentence allowable; provided that, if the defendant has entered a plea of guilty or nolo contendere to a petty misdemeanor, the court may defer the proceedings for a period not to exceed one year.  The defendant may be subject to bail or recognizance at the court's discretion during the period during which the proceedings are deferred.

(c)    Upon the defendant's completion of the period designated by the court and in compliance with the terms and conditions established, the court shall discharge the defendant and dismiss the charge against the defendant.

(d)    Discharge of the defendant and dismissal of the charge against the defendant under this section shall be without adjudication of guilt, shall eliminate any civil admission of guilt, and is not a conviction.

(e)    Upon discharge of the defendant and dismissal of the charge against the defendant under this section, the defendant may apply for expungement not less than one year following discharge, pursuant to section 831-3.2.

832, 839 (2000) (holding that the tolling provisions in HRS § 706-627 apply to deferral periods pursuant to a deferred plea).

Frederico argues that HRS §§ 706-625(1), (4) and 706-627(1), read *in pari materia*, exclude "motions to modify" from motions that toll a defendant's deferral period. HRS § 706-625 provides, in pertinent part:

> **§ 706-625 Revocation, modification of probation conditions.** (1) The court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation except as provided in subsection (7), reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706-627.
>
> . . . .
>
> (4) The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.

HRS § 706-627 provides:

> **§ 706-627 Tolling of probation.** (1) Upon the filing of a motion to revoke a probation or a motion to enlarge the conditions imposed thereby, the period of probation shall be tolled pending the hearing upon the motion and the decision of the court. The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning the motion for purposes of computation of the remaining period of probation, if any. In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.
>
> (2) In the event the court, following hearing, refuses to revoke the probation or grant the requested enlargement of conditions thereof because the defendant's failure to comply therewith was excusable, the defendant may be granted the period of tolling of the probation for purposes of computation of the remaining probation, if any.

This court rejected a nearly identical argument (concerning the tolling of probation) in State v. Wilbur-Delima, 154 Hawaiʻi 496, 502, 555 P.3d 660, 666 (App. 2024); see also State v. Holland-Dornath, CAAP-21-0000442, 2024 WL 3936732, *2 (App. Aug. 26, 2024) (SDO) (following Wilbur-Delima).[3] Based on the reasoning set forth in Wilbur-Delima, we conclude that a

---

[3] Frederico notes that the arguments on the tolling issue raised in this case were previously made by his counsel (the Office of the Public Defender) in Holland-Dornath.

motion to modify the terms of a DANC that seeks to enlarge a condition of the DANC is a tolling motion.

Like the appellants in <u>Wilbur-Delima</u> and <u>Holland-Dornath</u>, Frederico had entered the HOPE Probation Program. Although the subject motions to modify were not entitled as motions to enlarge sentence, in each instance, the State moved for an enlarged DANC condition, *i.e.*, more jail time was sought; Frederico stipulated to the violations of one or more conditions of probation, the motions were granted, and Frederico was ordered to serve additional jail time. Accordingly, the Circuit Court did not err in treating the State's motions to modify as tolling motions.

Based on the foregoing, and this court's Opinion in <u>Wilbur-Delima</u>, the Circuit Court's July 18, 2022 Order of Resentencing and October 19, 2022 FOFs/COLs/Order are affirmed.

DATED:  Honolulu, Hawaiʻi, February 27, 2025.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

4